24865. BUGG et al. v. CHEVRON CHEMICAL COMPANY.

810

*Cain, Smith & Porter, S. P. Cain,* for appellants.

*Carlisle & Chason, Willard H. Chason, Ralph E. Carlisle, Alexander, Vann & Lilly, Tom Vann,* for appellee.

GRICE, Justice. This appeal involves a suit by a creditor seeking to cancel a deed from a husband to his wife. The jury's verdict was in favor of the creditor. The husband's motions for judgment notwithstanding the verdict and for new trial were denied, and the appeal is from such denials.

The creditor, Chevron Chemical Company, filed the action against F. D. Bugg and his wife, Lidie S. Bugg, in the Superior Court of Grady County. The complaint alleged that the deed, executed about a year before the creditor obtained judgment, was made with intent to hinder, delay and defraud creditors and that such intent was known to the wife; that the deed was voluntary, without consideration; and that the husband was insolvent when he made the deed, and was left with no property with which to pay his debts.

The complaint bears the name of a partnership, by Williard H. Chason, as the creditor's attorneys and contains Mr. Chason's affidavit that "The contents of the above and foregoing petition are to the best of my knowledge true and correct." A copy of the deed in question, showing that it was witnessed by Mr. Chason, is attached to the complaint.

The husband and wife filed a motion to dismiss this complaint, alleging in substance the following: that on the day this deed was executed the husband consulted Mr. Chason with the view of making a deed to his wife; that in their conference the husband disclosed the facts as to financial affairs between him and his wife, and said attorney advised him that he could make a legal deed to his wife; that he employed said attorney to draft the deed; that said attorney drafted it; that it was signed by the husband and witnessed by said attorney; that the petition in this case is filed by the same attorney and alleges that said transaction was illegal and void as to creditors because it was without consideration and was for the purpose of defrauding

creditors and known to the parties at the time, and these facts are sworn to as true by said attorney; that said attorney is an incompetent witness to any facts going to show that the deed is illegal for the reasons assigned in the petition and therefore the petition filed by him and his firm and sworn to by him is improper and prejudicial to the husband and wife, is illegal and should be dismissed; and that if the case is tried the petition, containing as an exhibit the deed in question witnessed officially by the same person who files the petition and swears the facts alleged are true, would be prejudicial even though no evidence was offered by the creditor as to its attorney substantiating the facts because the sworn petition would be before the jury and considered by them. The motion prayed that it be sustained and the case dismissed.

This motion to dismiss was the subject matter of a conference held before trial. As a part of the record the judge certified the following: that it was agreed between counsel that the affidavit above referred to would be deleted from the petition; that counsel for the husband and wife agreed to abandon the motion to strike and to try the case on an unverified petition; and that the motion to strike was abandoned and counsel for the husband and wife stated to the court that he was abandoning the motion and to try the case on an unverified petition.

The transcript of testimony shows that at the beginning of the evidence Mr. Chason, as counsel for the creditor, called the husband for the purpose of cross examination; that immediately counsel for the husband and wife stated that he desired to instruct the husband not to give any of the testimony which passed between him and Mr. Chason when he prepared the deed; that he could state that he consulted Mr. Chason and that Mr. Chason prepared it, but not to tell the contents of the conversation at the time the deed was made. Insofar as the record shows Mr. Chason remained silent as to these instructions.

Mr. Chason conducted the creditor's case throughout the trial.

The undisputed testimony was that he drew the deed in question. Upon his cross examination of the husband as to who recorded the deed, the husband stated, "I think, as well as I remember, Thomas County Federal recorded it. You made it. . . . You handled it."

The affidavit above referred to, was not deleted from the creditor's complaint, and was with it when it went out with the jury in its deliberation. Insofar as the record shows, neither counsel nor the trial judge said or did anything as to the deletion of it during the trial.

The issue which we regard as controlling is made by the following enumerations of error: "7. The court erred in permitting the case to continue after the attorney for [the creditor] had called as his first witness the defendant husband and proven by him on cross examination that counsel for [the creditor] made the deed sought to be cancelled and handled the entire transaction for the defendant husband . . . the court should have investigated into the same and withdrawn the case from the jury and dismissed the petition." "8. The court erred in sending out with the jury the original petition of plaintiff with the affidavit of counsel thereon, the same not having been deleted from the petition. . . It was agreed at a pre-trial conference before the trial began that the motion which the defendants had previously filed to strike the suit on the ground of counsel's disqualification would be withdrawn and the affidavit to the petition alleging that the facts stated in the petition were true and correct and signed by counsel would be deleted from the petition. Such affidavit was not deleted in accordance with the agreement and the evidence in the case showing that counsel for petitioner had made the deed sought to be cancelled and handled the entire transaction for the defendant husband . . . and said affidavit and petition were prejudicial to the defendants and deprived them of a fair trial." There was also an enumeration complaining of the overruling of the motion for new trial. One ground of that motion was based on the failure to delete the affidavit from the complaint before it went out with the jury.

While the motion of the husband and wife did not pray that the attorney be disqualified, the thrust of its allegations is that on account of his prior representation of the husband as aforesaid, he and his firm were disqualified from proceeding with this case. Hence, while the motion does not warrant dismissal of the complaint, it is a sufficient basis for seeking disqualifica-

tion of the attorney and his firm. Also, from the recital of what took place at the conference before the trial began, it is quite clear that what is termed as an abandonment of the motion by the husband and wife was in return for deletion of the attorney's affidavit from the complaint. Abandonment was thus conditional.

As we appraise them, the above enumerations of error, although we do not agree with all of the contentions made therein, are meritorious and require that we record here our firm disapproval of the creditor's attorney representing this interest which is adverse to that of his former client. What occurred strikes at the very heart of the relationship between attorney and client.

Our position is in accord with the rule which obtains throughout the United States. One treatise declares that ". . . an attorney cannot, upon the termination of an employment, represent one whose interest in the transaction is adverse to that of his former client. . . It is both the right and the duty of the court to prohibit or restrain an attorney from acting for one whose interest is adverse to that of a former client." 5 AmJur 297-298, Attorneys at Law, § 66. Another treatise states that "The incapacity of an attorney to represent adverse interests also disqualifies him from representing interests which are in conflict with the interest of his former client, for the obligation of fidelity and loyalty still continues." 7 CJS 827, Attorney and Client, § 48. See also, 51 ALR 1307, 126 ALR 1271, 52 ALR2d 1243; Canon 6 of the American Bar Association Canons of Professional Ethics, also adopted by the State Bar of Georgia (Rule 3-106, 219 Ga. 885, 887-888). As to an attorney not accepting employment to attack the validity of an instrument which he drew for a client, see Drinker, Legal Ethics, page 113.

This court also has spoken out on this subject.

In *Clifton v. State,* 187 Ga. 502, 505 (2 SE2d 102), it is declared that, "An attorney at law is an officer of the court, and as such the court has ample authority to regulate and control his conduct in any matter coming before it. . . If in any case it should be made to appear to the court that counsel who proposes to represent one of the parties thereto has previously been in the employment of the opposing party in the same or a related matter, it would be serious error to permit him to con-

tinue in the case, unless it should appear that he took no action in the case while counsel for the opposing party, and it was clearly shown that he did not acquire, by reason of such employment, any knowledge or information concerning the case; and even in these circumstances the court might, in its discretion, disqualify him, looking to the full administration of justice." However, this court ruled that the facts in that case did not show that the relationship of attorney and client had existed, since it appeared that before all of the terms of employment had been agreed upon other counsel was procured; that the attorney did not at any time consult with the defendant and acquired no information concerning the case from any of the parties or from any investigation made by him as counsel for the defendant. Accordingly, it held that the trial court's refusal to disqualify the attorney did not require grant of a new trial. See also, *Gaulden v. State,* 11 Ga. 47; *Conley v. Arnold,* 93 Ga. 823 (1) (20 SE 762).

Later, in *Tilley v. King,* 190 Ga. 421 (9 SE2d 670), this court had before it a situation in which the attorney representing the propounder in probate of a will had previously represented one of the caveators in a lunacy proceeding and another matter against the same testator. The attorney's position was that he had not obtained any confidential information in the prior representation. The opinion referred to the holding in the *Clifton* case, 187 Ga. 502, supra, and stated that "We need not stress the fact that the bar is an essential part of the courts; and whatever affects the dignity, standing and public esteem of the one affects the other." P. 424. It then said that if the present and prior cases were substantially related it was no answer for the attorney to say that he obtained no confidential information from his former client, and that "The rule must of necessity be that if an attorney has been employed in a matter and has appeared in court in connection therewith, he can not thereafter accept employment and appear in a case against his former client, where under the latter employment he must necessarily assume a position contrary to that involved in his former employment." P. 425. It declared that "It is proper for the court to make enough investigation to see whether the two cases

do in fact involve so much of the same questions, and matters of like kind, and to determine from the standpoint of possible prejudice whether the attorney should be allowed to appear in the second cause. In cases of doubt it is safest to solve it against any apparent inconsistency. . . We realize that under the rule laid down an attorney will sometimes find, as most of us have, that by reason of having been employed or retained in some small matter, or by some casual prior employment, he has disqualified himself from taking employment in subsequent matters of importance, yet such is a part of a lawyer's life." Pp. 425, 426. It held that the trial court erred in not disqualifying the attorney.

The principles of the *Clifton* case, 187 Ga. 502, and the *Tilley* case, 190 Ga. 421, supra, apply here.

Since it appeared that the attorney representing the plaintiff in seeking to set aside a deed had drawn the deed for the defendant, he was disqualified to represent this adverse interest. Although such disqualification may be waived, any waiver by the defendant here was conditioned upon deletion of that attorney's affidavit to the complaint, and the duty was on that attorney to delete it if he wished to have his disqualification waived. The failure to delete such affidavit rendered the waiver ineffective. Therefore, when the motion for new trial called to the court's attention that the affidavit had not in fact been deleted, the attorney should have been disqualified and a new trial should have been granted. Cf. *Kelly v. Strouse,* 116 Ga. 872 (8) (43 SE 280).

The effect that this attorney's representation on behalf of the creditor and his affidavit verifying the complaint may have had upon the jury's deliberations cannot be brushed aside as mere speculation. They may well have concluded that since he handled the deed transaction, he above all other people should know whether it was void and that he was seeking to show that it was. Thus it cannot be said that the situation here was not prejudicial to the former client.

The ruling which we have made renders the trial nugatory. Since different counsel will represent the creditor upon another trial, the issues and evidence upon such trial may not be the

same as are in this record. Therefore, we deem it unnecessary to pass upon the remaining enumerations of error.

*Judgment reversed. All the Justices concur.*