## 30735. HALLFORD v. BANKS et al.

INGRAM, Justice.

Plaintiff appeals from the trial court's denial of his motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial after a jury found against his contention that an unnamed semicircular road, extending from State Highway No. 198 to the New Bethel Bridge Road in Franklin County, was a public road. The issue on appeal is basically an evidentiary issue, i.e., does the evidence demand the conclusion that the road in question is a public road, or if not, did the trial court err in not granting a new trial because of insufficient evidence to support the jury verdict?

Under the trial court's instructions, the jury was given the task of deciding from the evidence whether the road in question is a public road or not. We have reviewed the transcript of the oral and documentary evidence and cannot hold that the evidence demands a finding that this road is a public road. There is some conflict in the evidence about the origin, maintenance and character of the road that would authorize the jury to find that it is not a public road. Therefore, we hold the trial court did not err in overruling plaintiff's motion for a directed verdict and subsequent motion for judgment notwithstanding the jury's verdict. The issue here was properly one for jury determination. See *Fountain v. Bryan,* 229 Ga. 120, 121 (3) (189 SE2d 400) (1972).

We also find no error in the trial court's refusal to grant a new trial based on plaintiff's contention that the verdict is against the weight of the evidence. The evidence would authorize a verdict for the plaintiff but the trial court has denied a new trial and it has broad discretion in passing on the general grounds of a motion for new trial. When the trial court overruled plaintiff's motion for a new trial it necessarily approved the jury's verdict as being supported by the greater weight of the evidence. Our responsibility on appeal is not to weigh the evidence and give a de novo opinion on where the greater weight of the evidence lies but merely to determine if there is sufficient evidence to authorize the trial court's judgment. See *Ridley v. State,* 236 Ga. 147 (1976). We find no basis to

reverse the trial court in this case.
*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 9, 1976 — DECIDED MARCH 11, 1976.

*Thomas M. Strickland, Gross, Stowe & Shepherd, Millard B. Shepherd, Jr.,* for appellant.
*Andrew J. Hill, Jr., Cathey & Strain, Edward E. Strain, III,* for appellees.