## 31823. LANE v. THE STATE.

JORDAN, Justice.

This appeal by Jerry Ray Lane is from his convictions of the crimes of murder and armed robbery, and the denial of his motion for new trial. Consecutive sentences of life imprisonment and 20 years were imposed.

The appellant was jointly indicted with Michael Gene Berryhill. On his separate trial Berryhill was convicted and given the death penalty. His convictions were affirmed in *Berryhill v. State,* 235 Ga. 549 (221 SE2d 185) (1975).

Berryhill was the actual perpetrator of the murder and armed robbery. The evidence in the present case authorized a finding that the appellant and Berryhill conspired to commit a burglary; they went to the home of the murder victim, and when he refused to open the door, Berryhill shot into a glass beside the door and opened the door, and thereafter shot the victim and robbed his wife; when Berryhill shot, the appellant fled the scene, returned to the car in which they were riding, and went to his home. It is the appellant's contention that he tried to persuade Berryhill not to go to the home of the murder victim because it appeared that the occupants were at home; Berryhill told him that he would leave if anyone came to the door; and when the appellant saw that Berryhill did not leave as promised, the appellant left the scene.

1. Error is enumerated on the denial of the general

grounds of the motion for new trial, and on the failure to direct a verdict of acquittal. The jury was authorized to find under all of the evidence that the appellant was a party to the crime. Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271).

2. It is contended that the court should have granted a new trial due to the negligence of appointed counsel. The record does not support this contention.

3. It is asserted that the court erred in its charge to the jury in that no charge was given on the need for corroboration of a confession pursuant to Code § 38-420, and no charge was given that the appellant could have been found guilty of burglary, or attempted burglary, as a lesser included offense.

The trial judge in his charge referred to the appellant's statement, which was introduced in evidence, as an admission or incriminatory statement, and instructed the jury that it should be considered with caution. The appellant does not admit that his statement was a confession, and it was not error in the absence of a request to charge on the need for corroboration of a confession, to fail to so charge.

The evidence did not require a charge on burglary or attempted burglary. The appellant was either guilty of murder and armed robbery as a party to the crimes committed by Berryhill, or he was guilty of no offense.

4. Error is enumerated because the court allowed the attorney who represented Berryhill at his trial to act as special prosecutor at the trial of the appellant, over the objection of the appellant's counsel, made at the commencement of the trial, that there was a conflict of interest.

Error is also enumerated on the court allowing this attorney over objections, while questioning Berryhill as a state's witness, to claim entrapment and cross examine his former client after he refused to give any testimony.

In the early case of *Gaulden v. State,* 11 Ga. 47 (1852), it was held that public policy would prevent a solicitor general who instituted a prosecution against a defendant by preferring a bill of indictment against him from later representing the defendant for the offense charged in the indictment. It was stated, at page 51, as follows: "It is no

sufficient answer to say, that the law will not allow him to disclose any fact which may have been communicated to him, as the counsel for the state, to her prejudice. If he *knows* the vulnerable points in the case, derived by his official connection with it, there are many ways by which these points might be made available to the defendant on his trial, by his counsel, besides disclosing them as a witness. If he has knowledge of facts, derived from his official connection with the prosecution, which will operate to the prejudice of the state, and he is permitted to act as counsel for the defendant, that knowledge will be made available in the defense; therefore, we place our judgment on the ground, that public policy forbids that a solicitor general who has prosecuted a defendant for a violation of the law, by preferring an indictment against him, should appear as his counsel to defend him from the charge, after the expiration of his term of office."

The rule of disqualification of counsel who had prosecuted two defendants as solicitor general to represent them in a civil action growing out of the same incident was stated in *Conley v. Arnold,* 93 Ga. 823 (20 SE 762) (1894). In that case no objection was made at the trial and it was held that the objection after verdict was too late.

In *Clifton v. State,* 187 Ga. 502, 505 (2 SE2d 102) (1939), there is a discussion on the disqualification of counsel because of conflict of interest. It was stated therein: "If in any case it should be made to appear to the court that counsel who proposes to represent one of the parties thereto has previously been in the employment of the opposing party in the same or a related matter, it would be serious error to permit him to continue in the case, unless it should appear that he took no action in the case while counsel for the opposing party, and it was clearly shown that he did not acquire, by reason of such employment, any knowledge or information concerning the case; and even in these circumstances the court might, in its discretion, disqualify him, looking to the full administration of justice." In the *Clifton* case the attorney had withdrawn as counsel for the defendant without consulting with him, or acquiring any information concerning the case from any of the parties or from any

investigation made as counsel for the defendant, and he was held not to be disqualified to act as special prosecutor.

Discussions of the rule on disqualification of counsel because of conflict of interest are found in the following civil cases: *Tilley v. King,* 190 Ga. 421, 422 (9 SE2d 670) (1940); *Bugg v. Chevron Chemical Co.,* 224 Ga. 809 (165 SE2d 135) (1968); *Womble v. Womble,* 228 Ga. 10 (183 SE2d 747) (1971).

It is argued by the state in the present case that since the special prosecutor had not represented the appellant in any former trial, the rule of disqualification would not apply to him.

It cannot be denied that the state and those it prosecutes for crimes are adversaries. The public policy which will not permit counsel to change roles from representing a person accused of crime to representing the state in prosecuting the person will not permit him to change from representing one conspirator in crimes to prosecuting his alleged co-conspirator in those same crimes. Such counsel must be presumed to have received confidential communications from his client concerning the crimes charged against the alleged co-conspirator which he can use in prosecuting the co-conspirator.

In the present case Berryhill refused to testify against the appellant, but his former counsel was permitted to question him in a manner extremely prejudicial to the appellant about the appellant's participation in the crimes. The jury, in all probability, attributed to counsel knowledge of facts gained from his representation of the witness in asking these questions. While he stated to the court that the questions asked his former client pertained to information communicated to him only a few nights previously, the confidential communications could not have been erased from his mind.

The participation of counsel who had represented the appellant's alleged co-conspirator as special prosecutor in the trial of the appellant denied him fundamental due process of law. We cannot say, under the record, that this error was harmless beyond a reasonable doubt. The convictions must therefore be vacated, and a new trial granted.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED JANUARY 24, 1977 — DECIDED FEBRUARY 23, 1977.

*Al Horn, Bensonetta Tipton,* for appellant.
*David N. Vaughn, Jr., Charles Crawford, District Attorneys, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.