## 59327. HAY v. McKINLEY.

BIRDSONG, Judge.

Breach of contract. The facts of this case show that appellants Mr. and Mrs. Hay undertook to purchase a 1973 Rambler auto from the appellee McKinley d/b/a Tempo Sales and Leasing Co. They traded an older model Cadillac plus $575 cash as the purchase price. McKinley was not present when the sale was consummated. The Hays took possession of the Rambler on the day of the sale, signed over title to the Cadillac to Tempo and left the Cadillac with Tempo. Mr. and Mrs. Hay were aware at the time of the sale that Tempo did not have present possession of the title to the Rambler. The bill of sale had notated thereon that tag and title transfer for the Rambler had been applied for. The Hays did not receive the tag or title transfer for two months at which time the actual owner notified the Hays that if he were not paid for the car he would repossess. Mrs. Hay testified that she contacted McKinley and was assured by McKinley that he was doing all he could to obtain title. In point of fact a wholesaler had made arrangements with salesmen on McKinley's used car lot to sell the Rambler and then to pay the wholesaler for the car. The wholesaler had not at that time obtained title to the Rambler. The ultimate agreement was for the wholesaler to take and sell the Cadillac as at least part payment. When the sale of the Cadillac did not materialize, the wholesaler demanded cash. When this was not forthcoming, the wholesaler refused to deliver to Tempo the title to the Rambler which the wholesaler had obtained after the sale to the Hays. Mr. and Mrs. Hay brought suit against McKinley seeking damages for breach of contract including the value of the Cadillac, rental of a replacement auto and the cash difference payment. By amendment, the Hays

added a count for fraud and deceit seeking punitive damages and attorney fees. The trial court granted partial summary judgment to the Hays on the issue of liability on the breach of contract (i.e., failure to deliver title) and following a non-jury trial rendered judgment to the Hays for the value of the Cadillac, rental and the cash payment. The trial court denied any recovery for fraud and deceit to include punitive damages or attorney fees. The trial court also denied a motion for a new trial in which complaint was made that the court erred in finding no fraud or deceit. *Held:*

1. We affirm. We are confronted in this case with what essentially is a question of fact. The trial court was warranted in believing that the Hays took the Rambler with knowledge that Tempo did not have title at the time of the sale but that title could be expected to be delivered in the future when obtained by Tempo. There is no evidence that Tempo knew or had reason to believe at the time of execution of the contract that it could never obtain title. In fact the evidence is undisputed that if the sale of the Cadillac had been accomplished, the wholesaler would have been satisfied and delivered title to the Rambler either to Tempo or the Hays. Moreover, it seems clear that even after Mrs. Hay became aware that there was difficulty in obtaining the title, she agreed to a continuation of the arrangement, seeking only the Rambler and title thereto. Based upon such evidence, the trial court properly concluded that a count of fraud and deceit would not lie. Fraud and deceit cannot be predicated upon statements which are promissory in their nature as to future acts. *Motors Ins. Corp. v. Morgan,* 117 Ga. App. 654, 656 (161 SE2d 382). Moreover, in this case the Hays elected to affirm the contract. Thus, they are bound by the terms of the contract and may not recover for asserted fraud and misrepresentation of the seller as to delivery of the title when they were on specific notice that the seller did not have title at the time of the sale. *Gem City Motors v. Minton,* 109 Ga. App. 842, 847 (137 SE2d 522).

2. Specifically, in their four enumerations of error, appellants complain that the trial court erred in denying the motion for new trial; in concluding that there was no fraud and deceit; in concluding that the Hays affirmed the contract; and finding that the Hays were advised by Tempo that it did not have title at the time of the sale and thereafter did not inform the Hays that it could not obtain title. It is obvious that each of these enumerations involves factual matters. It is the law of this state that a trial judge's findings of fact, like the factual conclusions of a jury, are binding on appeal and unless wholly unsupported or clearly erroneous will not provide a basis for reversal. *Spivey v. Mayson,* 124 Ga. App. 775, 776 (186

SE2d 154). We conclude not only that the conclusions of the trial court are supported, but further, that they are the only ones reasonably that could have been made. We will not substitute our judgment for that of the trial court. The enumerations complaining of the factual determinations of the trial court are without merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED FEBRUARY 6, 1980 — DECIDED APRIL 9, 1980.

*James B. Drew, Jr.,* for appellant.
*Donald M. Comer, Chuck J. Driebe,* for appellee.