37084, 37149. BLUMENFELD v. BORENSTEIN; and vice versa.

CLARKE, Justice.

This appeal is from an order of the DeKalb County Superior Court disqualifying an attorney and his law firm from representation of the caveator of the estate of Simon Silbermintz and the propounder of his will. There are two questions to be determined. First, was the disqualification based solely on the marital status of the attorney involved? Secondly, if the disqualification was based on marital status, is per se disqualification because of marital status either mandated or justified by the Code of Professional Responsibility?[1]

Simon Silbermintz died in May 1977. His will, naming his sister Regina Borenstein as executrix, was submitted for probate in solemn form. The will was challenged by another sister, Fela Blumenfeld, who was represented by the firm of Gershon, Ruden, Pindar & Olim. The executrix was represented by the firm of Nicholson, Meals & McLaughlin (now Meals & McLaughlin). During an eight-day trial held in the Probate Court of DeKalb County, a new associate in the law firm of Meals & McLaughlin, Kathie G. McClure, assisted Mr. Meals, lead counsel for the propounder. Following the trial in the

---

[1] The Code of Professional Responsibility, adopted in this state and codified in Code Ann. Title 9 Appendix, Part III, Chapter I, as part of the Rules and Regulations for the Organization and Government of the State Bar of Georgia (hereinafter "Bar Rules"), is the same as the American Bar Association Model Code of Professional Responsibility except for a few exceptions which are not'applicable here.

probate court, the propounder appealed to the Superior Court of DeKalb County for a trial de novo. The caveator, Blumenfeld, associated the firm of Howard & Gilliland as local counsel to assist in the trial in the superior court. Kathie McClure is and was at the time of the probate trial married to Jay Y. McClure, a partner in the firm of Howard & Gilliland. Following the probate trial, and prior to the caveator's association of Howard & Gilliland, Ms. McClure left the firm of Meals & McLaughlin to become an Assistant United States Attorney for the Northern District of Georgia.

Following the association of Howard & Gilliland by the caveator, the propounder moved to disqualify Jay Y. McClure and the firm of Howard & Gilliland on the ground of conflict of interest and "the appearance of impropriety, in violation of Canons 4 and 9 of the Code of Professional Responsibility." A hearing was held before one DeKalb Superior Court judge who denied the motion to disqualify. Upon motion for reconsideration, this judge recused himself, and the matter was heard by another superior court judge. On the motion for reconsideration, the court specifically found that the integrity of the law firm of Howard & Gilliland had not been questioned and that Ms. McClure at all times kept the confidences and secrets of her former client inviolate. The court found that Mr. McClure's practice was limited to real estate and corporate matters and that he had not participated in the handling of the will case, nor had other members of the firm discussed the case with him. Finally, the court found that there had been no impropriety committed by any of the parties in the matter. However, the court found that the marital relationship between the propounder's former counsel and the caveator's present co-counsel might tend to raise a question of impropriety in the minds of some laymen. Therefore, the court granted the motion to disqualify Jay Y. McClure and the firm of Howard & Gilliland on the basis of Canon 9 of the Code of Professional Responsibility (Bar Rule 3-109): "A Lawyer Should Avoid Even the Appearance of Professional Impropriety." We find that the court disqualified the law firm solely on the basis of Mr. McClure's marital status. We further find that per se disqualification based on marital status is neither mandated nor justified by the Code of Professional Responsibility. Having decided that disqualification of Mr. McClure would not have been justified under the circumstances of this case, we need not reach the question whether if disqualified he could have been so isolated as to obviate the necessity for disqualification of his law firm.

Although the issue has never been squarely addressed in Georgia, courts in other jurisdictions have rarely been willing to disqualify an attorney based on the appearance of impropriety alone

where there is no danger that the actual trial of the case will be tainted. Cheng v. GAF Corp., 631 F2d 1052 (2nd Cir. 1980); Armstrong v. McAlpin, 625 F2d 433 (2nd Cir. 1980); Board of Education v. Nyquist, 590 F2d 1241 (2nd Cir. 1979); Brennan's, Inc. v. Brennan's Restaurants, Inc., 590 F2d 168 (5th Cir. 1979); Woods v. Covington County Bank, 537 F2d 804 (5th Cir. 1976). Commonly, Canon 9 is used as further justification for disqualification based on Canon 4[2] or Canon 5.[3]

Basic fairness will not permit the disqualification of an attorney because of wrongdoing imputed to the attorney by reason of his status when as a matter of fact no wrongdoing exists. More important, the right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. The mere fact that the public may perceive some conduct as improper is, without some actual impropriety, insufficient justification for interference with a client's right to counsel of choice. This becomes even more apparent when the perceived impropriety is not conduct at all but is, instead, status. Absent a showing that special circumstances exist which prevent the adequate representation of the client, disqualification based solely on marital status is not justified.

A per se rule of disqualification on the sole ground that an attorney's spouse is a member of a firm representing an opposing party would be not only unfair to the lawyers so disqualified and to their clients but would also have a significant detrimental effect upon the legal profession.[4] Such a rule could be expected to affect the hiring practices of law firms and the professional opportunities of lawyers. A per se rule would effectively create a category of legal "Typhoid Marys," chilling both professional opportunities and personal choices. Cf. Armstrong v. McAlpin, 625 F2d 433, supra.

Although appellee insists that the disqualification was mandated by the particular facts of this case and assures us that appellee's position is based not on marital status alone, the court's order disqualifying Mr. McClure and Howard & Gilliland makes it clear that marital status was the sole reason for disqualification.

---

[2] Bar Rule 3-104: "A Lawyer Should Preserve the Confidences and Secrets of a Client."

[3] Bar Rule 3-105: "A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client."

[4] According to the amicus curiae brief filed by the Atlanta Bar Association, Inc., at least 45 law firms and over 1,000 attorneys in the Atlanta area would be affected by a per se disqualification rule based on marital status.

While contending that the situation as a whole mandated disqualification, appellee argues that the marital relationship is substantially different from any other type relationship and that because of its confidential nature the parties are liable to share even professional secrets. While we cannot disagree with the proposition that the marital relationship may be the most intimate relationship of a person's life, it does not follow that professional people allow this intimacy to interfere with professional obligations. If this court endorsed a rule imputing professional wrongdoing to an attorney on the basis of marital status alone, it would be difficult to avoid the extension of that rule to other relationships as well.

Appellees have not shown us a case where a per se rule was applied to disqualify an attorney on the basis of an appearance of impropriety alone. The Georgia cases cited by appellee do not stand for the proposition that a trial judge is authorized in Georgia to disqualify an attorney solely on the basis of an appearance of impropriety. *Bugg v. Chevron Chemical Co.,* 224 Ga. 809 (165 SE2d 135) (1968) and *Tilley v. King,* 190 Ga. 421 (9 SE2d 670) (1940) both involved an actual conflict of interest. In *Lane v. State,* 238 Ga. 407 (233 SE2d 375) (1977), the court found that a criminal defendant was denied due process of law where the special prosecutor had represented his alleged co-conspirator at his separate trial. An attorney who was also a member of the county commission which selected judges of the recorder's court was disqualified from appearing before the recorder because of the possibility of a conflict of interest in *Young v. Champion,* 142 Ga. App. 687 (236 SE2d 783) (1977). In each of these cases, either Canon 4 or Canon 5 was violated. In the instant case, the trial court specifically found that Ms. McClure kept the secrets of her client inviolate. Consequently, there was no violation of Canon 4. Canon 5 requires the preservation of independent judgment and deals primarily with the representation of multiple clients by a single attorney. This circumstance is not in question here.

It is perhaps helpful to view the issue of the attorney disqualification as a continuum. At one end of the scale where disqualification is always justified and indeed mandated, even when balanced against a client's right to an attorney of choice, is the appearance of impropriety coupled with a conflict of interest or jeopardy to a client's confidences. In these instances, it is clear that the disqualification is necessary for the protection of the client. Somewhere in the middle of the continuum is the appearance of impropriety based on conduct on the part of the attorney. As discussed above, this generally has been found insufficient to outweigh the client's interest in counsel of choice. This is probably so

because absent danger to the client, the nebulous interest of the public at large in the propriety of the Bar is not weighty enough to justify disqualification. Finally, at the opposite end of the continuum is the appearance of impropriety based not on conduct but on status alone. This is an insufficient ground for disqualification. This is particularly clear in this case in light of the trial court's specific finding that there was no actual impropriety on the part of any of the parties.

It has been suggested that the trial court's order of disqualification should not be disturbed on appeal absent an abuse of discretion. The trial court's finding of fact was that there was no actual impropriety. We do not disturb this finding. The disqualification is in the nature of a conclusion of law rather than a finding of fact. United States v. Miller, 624 F2d 1198 (3rd Cir. 1980). This conclusion, based as it is solely on an appearance of impropriety due to status, cannot stand.

Having decided that disqualification based on marital status alone was improper in this case, Mr. McClure should not have been disqualified. This being so, we need not reach the question whether his law firm's disqualification on the basis of some vicarious taint was error.

In her cross-appeal, the propounder enumerates as error the finding of the trial court that no impropriety occurred as a result of Howard & Gilliland's involvement in the case and the finding of the trial court that Ms. McClure at all times kept inviolate the confidences and secrets of her former client and that there had been no impropriety committed by any of the parties. Absent an abuse of discretion, the trial court's finding of facts will not be disturbed on appeal. *Michael v. McAdams,* 240 Ga. 65 (239 SE2d 518) (1977). The question on review is whether there is any evidence to support the trial court's finding of facts. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35) (1976); *Hay v. McKinley,* 154 Ga. App. 288 (267 SE2d 892( (1980). Having reviewed the transcript here, we find that the trial court's findings of fact are not clearly erroneous. Accordingly, these findings of fact will not be set aside.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 8, 1981.

*Gershon, Ruden, Pindar & Olim, L. Ray Patterson, Barry L. Katz,* for appellant.

*Meals & McLaughlin, Robert N. Meals, Stanley E. Kreimer, Jr.,* for appellee.

*Jeffrey M. Smith, Omer W. Franklin, Jr., Joe David Jackson,* amici curiae.

HILL, Presiding Justice, concurring.

I join the majority opinion. I write separately only to point out that there is nothing said by the majority to indicate that the burden of proving that a client's confidential communication has been transmitted from one attorney spouse to the other is upon the party moving for disqualification. The record before us shows that the spouses here discussed the case but that no confidences or secrets were discussed. In my view, it would be an intolerable burden, a burden possibly requiring disclosure of the confidential communication itself, to require the movant to prove not only that one attorney spouse discussed the case with the other but also transmitted the client's confidential communications to the other. Because the majority opinion does not place such burden on the movant, I concur in it.