*Tommy Holland,* for appellees.

## 68692. CANNON v. BOESGER.
(323 SE2d 687)

BENHAM, Judge.

This is an appeal from a judgment for appellee-defendant rendered in a bench trial. In four of his five enumerations of error, appellant argues that the evidence does not support the judgment. The other enumeration of error concerns the trial court's failure to limit certain testimony by a defense witness. We affirm.

1. The evidence at trial showed that appellant's car stalled while appellant's daughter was driving it on a rainy night. Before the car was removed from the road, appellee approached from the rear and drove her car into the rear of appellant's car. The trial court's findings from that evidence were that the proximate cause of the collision was negligence attributable to appellant in that his car remained in the road in the dark for an unreasonable length of time (10 to 15 minutes) and that appellant had not shown by a preponderance of the evidence that the collision was caused by appellee's negligence.

Although the evidence at trial was conflicting, there was evidence from which the trial court could have made the findings contained in its judgment. "It is the law of this state that a trial judge's findings of fact, like the factual conclusions of a jury, are binding on appeal and unless wholly unsupported or clearly erroneous will not provide a basis for reversal. [Cit.]" *Hay v. McKinley,* 154 Ga. App. 288 (2) (267 SE2d 892) (1980). Since the trial court's findings in the present case were neither wholly unsupported nor clearly erroneous, appellant's enumerations of error with regard thereto are without merit.

2. Appellant's other enumeration of error, that the trial court erred in failing to limit certain testimony regarding an altercation between witnesses, is equally without merit: " 'Where a case is tried before a judge without a jury, it is presumed that judgment was rendered only upon the competent and legal evidence before him; consequently, if illegal evidence was admitted, it does not require a new trial.' [Cits.]" *C & S Bank of Dublin v. Morris &c. Bldg. Corp.,* 243 Ga. 169 (2) (253 SE2d 89) (1979). The judgment in this case gives no indication that the trial judge relied on the allegedly inadmissible evidence, so the presumption stands unrebutted and no cause for reversal is shown. Compare *Smith v. Andrews,* 139 Ga. App. 380 (228 SE2d 320) (1976).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

Decided October 30, 1984.

*Daryl G. Lecroy*, for appellant.
*H. Edward Marks, Jr.*, for appellee.