69019. SOUTHERN SHIPPING COMPANY v. OCEANS INTERNATIONAL CORPORATION et al.
69020. OCEANS INTERNATIONAL CORPORATION et al. v. SOUTHERN SHIPPING COMPANY.
69021. SOUTHERN SHIPPING COMPANY v. HAUPT et al.
69022. HAUPT et al. v. SOUTHERN SHIPPING COMPANY.
(329 SE2d 263)

CARLEY, Judge.

These interlocutory appeals are from orders which disqualify an attorney from acting as trial counsel in the instant cases.

On October 18, 1982, Southern Shipping Company (Southern) filed a complaint against John D. Haupt, Williams & Haupt, P. C., and Smith & Kelly Company (Smith & Kelly). Mr. John W. Middleton was, at the time this suit was filed, the majority shareholder and president of Southern and also a minority stockholder of Smith & Kelly. Subsequently, on January 24, 1983, Southern filed another complaint, naming as defendants Oceans International Corporation, Smith & Kelly, and several others. This action, as well as the previous one, concerned the business relationships and transactions between and among the parties. In both suits, the defendants filed answers to

Southern's complaints as well as counterclaims against Southern. Following the initiation of these actions, Mr. Middleton died.

On April 20, 1983, following minimal discovery which included the taking of the deposition of the trial attorney for Southern, the defendants filed a joint motion to disqualify that attorney, Mr. Louis A. Thompson, and his firm of Thompson & Benken from participation in these cases. Mr. Thompson is presently both general counsel and accountant for Southern, as well as attorney for the estate of Mr. Middleton and a co-executor under Mr. Middleton's will. The grounds upon which the defendants sought to have Mr. Thompson and his firm disqualified were: Mr. Thompson is a necessary witness for Southern in these cases; Mr. Thompson will be called as a witness at trial by the defendants; and that Mr. Thompson has various conflicting interests.

Beginning on November 28, 1983, a four-day evidentiary hearing was held on the defendants' motion to disqualify counsel. During that hearing, Mr. Thompson stipulated that he would not be a witness on behalf of Southern at trial. The Board of Directors of Southern urged that after considering the pending motion, it still desired that Mr. Thompson remain as its trial counsel. Following the hearing, the trial court issued orders requiring Mr. Thompson and the firm of Thompson & Benken to "withdraw as trial counsel for Southern in the prosecution of this civil action" and requiring Southern to obtain substitute trial counsel. The basis for the trial court's ruling was that "[Mr.] Thompson must be disqualified as trial counsel in the case since it is apparent that *he is a necessary witness.*" (Emphasis supplied.) The trial court's orders recited specific areas in which Mr. Thompson's testimony was necessary in proving Southern's cases as well as in defending against the defendants' counterclaims. However, the trial court also stated that it "did not find that Mr. Thompson had a conflict of interest because of financial benefits he receives as attorney and accountant for Southern and Executor of the Middleton Estate." The trial court further found that "under the terms of this disqualification, Mr. Thompson is not prohibited from conducting pre-trial proceedings or discovery proceedings . . . ." Also, the court "reserve[d] for future determination the question as to whether or not Mr. Thompson will be allowed to sit at the counsel table for [Southern] during the trial proceedings."

In case numbers 69019 and 69021, Southern appeals from the trial court's orders disqualifying Mr. Thompson. In case numbers 69020 and 69022, defendants cross-appeal, asserting that the trial court erred in not also finding a conflict of interest, and in not further disqualifying Mr. Thompson and his firm from conducting pre-trial proceedings and from sitting at the counsel table for Southern during the trial proceedings.

*Case Nos. 69019 and 69021*

1. Southern asserts that the trial court erred in disqualifying Mr. Thompson as its attorney on the ground that he is a necessary witness in the trial of the cases.

Essentially, the trial court found that Mr. Thompson should testify at trial and, therefore, that he is a necessary witness. Based upon the State Bar of Georgia Code of Professional Responsibility, particularly Directory Rule 5-102, as well as the American Bar Association's Model Rules of Professional Responsibility, the relevant language of which differs from the Georgia counterpart, the trial court determined that the practice of an attorney testifying is of doubtful propriety, and that an attorney should withdraw from the trial of the case before becoming a witness. Having found that Mr. Thompson should testify and relying upon its general authority to regulate and control the conduct of attorneys as officers of the court, the trial court then disqualified Mr. Thompson as trial counsel. See *Bugg v. Chevron Chemical Co.*, 224 Ga. 809, 813 (165 SE2d 135) (1968); *Clifton v. State*, 187 Ga. 502, 505 (2 SE2d 102) (1939). The trial court noted the important right of a party to counsel of his choice (see *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981)), but curtailed that right based upon its finding that the client's decision in this matter is not controlling.

Our review of the voluminous record reveals that the trial court was apparently not apprised of, nor did it give any consideration to, a Georgia statute which directly concerns the issue of attorneys as witnesses for and against their clients.

OCGA § 24-9-25 provides as follows: "No attorney shall be *competent* or *compellable* to testify *for or against* his client to any matter or thing, the knowledge of which he may have acquired from his client by virtue of his employment as attorney or by reason of the anticipated employment of him as attorney. However, an attorney shall be both competent and compellable to testify for or against his client as to any matter or thing, the knowledge of which he may have acquired in any other manner." (Emphasis supplied.)

While the language of this statute seems unambiguous, its interpretation by the courts of this State has often not been clear or consistent. See Green, Ga. Law of Evidence (2nd ed.), § 179; Agnor, Ga. Evidence, § 6-3; *Fowler v. Sheridan*, 157 Ga. 271, 275 (121 SE 308) (1923). However, what is clear is that this statute is relevant to many issues involved herein, including: whether Mr. Thompson is even competent or compellable to testify for or against Southern; and whether Southern can refuse to waive its right to have Mr. Thompson testify, and thus preserve its right to have Mr. Thompson act as its trial counsel rather than as its witness at trial. In short, the statute

has bearing on whether a trial court's determination that an attorney *should* be a witness rather than an advocate for his client is para- mount to the client's right to have counsel of his choice.

Accordingly, because the trial court did not consider the applica- bility of this relevant statute in the context of the evidence adduced at the disqualification hearing, the orders of disqualification are hereby reversed and the cases remanded for the entry of new orders after reconsideration of the issue in light of the statute. After entry of the new orders, the losing party shall be free to seek interlocutory review pursuant to OCGA § 5-6-34 (b).

### Case Nos. 69020 and 69022

2. In their cross-appeal the defendants assert as error the trial court's finding that Mr. Thompson did not have a conflict of interest because of financial benefits he receives as attorney and accountant for Southern and a co-executor of the Middleton estate. The defen- dants contend that the evidence shows a conflict of interest in this regard, and that Mr. Thompson's disqualification was demanded on this basis.

The trial court's finding of no conflict of interest is a finding of fact. "Absent an abuse of discretion, the trial court's finding of facts [in orders of disqualification] will not be disturbed on appeal. [Cit.] The question on review is whether there is any evidence to support the trial court's finding of facts. [Cits.]" *Blumenfeld v. Borenstein,* supra at 410.

Following a careful review of the evidence adduced at the dis- qualification hearing, we find that the trial court did not abuse its discretion in finding Mr. Thompson did not have a conflict of interest because of financial benefits he receives as attorney and accountant for Southern and co-executor of the Middleton estate. There was suf- ficient evidence from which the trial court could find that in no re- spect did these positions held by Mr. Thompson conflict, in that the interests represented in each were substantially the same. Therefore, we will not disturb the trial court's findings in this regard.

3. Based upon our holding in Division 1 of this opinion, we need not address the merits of the remaining enumerations of error raised by the defendants concerning the trial court's rulings on Mr. Thomp- son's ability to conduct pre-trial discovery or to sit at the counsel ta- ble for Southern during the trial proceedings.

*Judgments affirmed in part in case nos. 69020, 69022, and re- versed and cases remanded with direction in part in case nos. 69019, 69021. Birdsong, P. J., and Beasley, J., concur.*

Decided March 8, 1985 —
Rehearing denied March 22, 1985 —

*Andrew J. Hill, Jr., Louis A. Thompson*, for appellant (case no. 69019).

*Walter C. Hartridge, Randall K. Bart, Roy E. Paul*, for appellees.

*Andrew J. Hill, Jr., Louis A. Thompson*, for appellant (case no. 69021).

*Edgar H. Sims, Jr., Randall K. Bart, Walter C. Hartridge, Roy E. Paul*, for appellees.