Chandelle SUMMER

v.

C. Andrew FULLER.

Civ. No. 2:89–cv–49–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Aug. 17, 1989.

Chandelle Summer, Gainesville, Ga., pro se.

William Bradley Hill, Office of State Atty. Gen., Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, Chief Judge.

This petition for a declaratory judgment and injunctive relief is before the court on the defendant's motion to dismiss. After carefully considering the record and the arguments of counsel, the court GRANTS the defendant's motion to dismiss and DENIES the defendant's motion for attorney's fees.

The plaintiff, a private criminal defense attorney, seeks to enjoin the defendant, the District Attorney for the Northeastern Judicial Circuit, from enforcing a policy prohibiting the plaintiff's husband, an Assistant District Attorney, from representing the State of Georgia in cases in which the plaintiff in this case represents the criminal defendant. The plaintiff seeks to have that policy declared violative of the Fourteenth Amendment, alleging that her Fourteenth Amendment liberty and property interests and her rights to due process and the equal protection of the laws are being violated by the defendant's policy. She alleged that the institution of the policy has caused "confusion and delay" in regard to plea agreements reached between the plaintiff and her husband, on behalf of their respective clients, before the policy took effect. The plaintiff also argued that her clients suffer delay when their hearings or motions have to be rescheduled because the plaintiff's husband is the assistant assigned to handle a "plea day" or a motion day before the particular judge who is hearing their cases. The plaintiff has been appointed to a number of cases assigned to Judge Girardeau, and the plaintiff's husband handles Judge Girardeau's criminal calendar. Accordingly, the plaintiff's cases assigned to Judge Girardeau have to be reassigned to another, already overburdened, assistant district attorney, again resulting in delay. In addition, the plaintiff argued, she has lost business and will continue to lose business because potential clients are deterred from retaining her services because of the possibility that they will encounter these types of problems.

■ In his motion to dismiss, the defendant argued that the plaintiff lacks standing and failed to plead a justiciable "case or controversy" and that she has no right to dictate the assignment procedures used by the defendant. The court agrees. The defendant, by limiting the plaintiff's husband to representing the state against defendants who are not represented by the plaintiff, has done nothing to inhibit the plaintiff's practice of law. Thus the defendant has not infringed upon the plaintiff's rights. Furthermore, the court finds that the plaintiff's argument that potential clients are deterred from engaging her services because of the possibility of "confusion and delay" rests on conjecture and hypothesis. *Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983).

■ The plaintiff argued that Georgia law provides that marital status alone does not provide a basis for per se disqualification on the grounds of the possible appearance of impropriety where no actual impropriety is found. *Blumenfeld v. Borenstein*, 247 Ga. 406, 276 S.E.2d 607 (1981). Automatic disqualification was reversible error even where the husband and wife were involved in active litigation on opposing sides. *Jones v. Jones*, 258 Ga. 353, 369 S.E.2d 478 (1988). The plaintiff's presentation of Georgia law is correct but inapposite. The instant case, however, does not involve a judicial decision that a lawyer *may not* represent a particular client because it would conflict with professional ethical considerations. In this case, the represented party, *i.e.*, the State of Georgia through its official, the district attorney, has of its own accord decided to limit the scope of services provided by one of its lawyers to avoid the appearance of impropriety. While counsel for an opposing party may seek to veto a party's choice of attorney, based on ethical considerations, she has no right to affirmatively choose the attorney for the opposing party. If the

plaintiff's husband worked for a law firm which had a client for whom the plaintiff's husband frequently performed services, the client or the law firm could choose not to allow the plaintiff's husband to work on cases when the plaintiff represented the opposing party. The State of Georgia has no less prerogative. Accordingly, the defendant's motion to dismiss is GRANTED.

The defendant moved that it be awarded attorney's fees pursuant either to 42 U.S.C. § 1988, as the prevailing party in a civil rights case, or pursuant to Rule 11, Federal Rules of Civil Procedure, on the grounds that the plaintiff maintained an untenable position lacking a plausible legal bases. The court finds that the plaintiff's suit was not patently frivolous. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). The pivotal issue appears to be a matter of first impression and was presented as an extension of existing law. Fed.R.Civ.P. 11. Accordingly, the defendant's motion for attorney's fees is DENIED.

IT IS SO ORDERED.