A91A0425. OTWELL v. FLOYD COUNTY BOARD OF
COMMISSIONERS et al.
(408 SE2d 799)

COOPER, Judge.

Appellant, Anne Otwell, filed a pro se petition in the Superior Court of Floyd County against appellees, the Floyd County Board of Commissioners, the county manager, the county attorney, and three of the county's five commissioners. In her prayer for relief, appellant requested, inter alia, that the case be certified as a class action, that the county attorney be removed, and that an injunction issue to enjoin construction of a government complex. Appellees filed a motion to dismiss the petition on the ground that it failed to state a claim upon which relief could be granted. Appellant filed a motion to dismiss appellees' motion to dismiss and a motion to replace appellees' attorney due to an alleged conflict of interest. Following a hearing, the trial court entered an order refusing to certify the class action on the grounds that appellant could not fairly and adequately represent the class. The trial court also entered an order denying appellant's motion to dismiss appellees' motion to dismiss, and denying appellant's motion to replace appellees' attorney. Finally, the trial court entered an order granting appellees' motion to dismiss. Appellant subsequently filed a motion for new trial and a motion to set aside the orders entered by the trial court. The court denied the motion to set aside and dismissed the motion for new trial, and appellant brought this pro se appeal.

1. In her first enumeration of error, appellant contends that the trial court erred in allowing appellees' attorneys to represent appellees because of an alleged conflict of interest. Appellant claims that if the government complex were to be constructed, the property surrounding the complex would increase in value; and since the attorneys representing appellees own property next to the proposed site of the complex, they have a conflict of interest and should be disqualified from representing appellees. The record is devoid of any evidence presented by appellant that appellees' attorneys did in fact have an interest in the litigation or how appellant and the other citizens she

purported to represent would be harmed by the attorneys' representation of appellees. "Under these circumstances, we cannot agree with [appellant] 'that such an appearance of impropriety exists here to outweigh (appellees') interest in being represented by (their) counsel of choice.' [Cit.]" *Rivers v. Goodson*, 184 Ga. App. 70 (1) (360 SE2d 740) (1987). " 'Absent an abuse of discretion, the trial court's finding of facts (in orders of disqualification) will not be disturbed on appeal. (Cit.) The question on review is whether there is any evidence to support the trial court's finding of facts. (Cits.)' [Cit.]" *Southern Shipping Co. v. Oceans Intl. Corp.*, 174 Ga. App. 91, 94 (2) (329 SE2d 263) (1985).

2. In her second and third enumerations of error, appellant contends that the trial court erred in refusing to certify the class action. "It is well established that the discretion of the trial judge in certifying or refusing to certify a class action is to be respected in all cases where not abused. [Cits.]" *Hill v. General Finance Corp. of Ga.*, 144 Ga. App. 434, 436 (1) (241 SE2d 282) (1977). The trial judge found that appellant was neither trained in the law nor licensed to practice law, and that appellant was financially unable to adequately represent the class. We find no abuse of discretion in the trial judge's findings; therefore, enumerations two and three are without merit.

3. Appellant enumerates as error the trial court's denial of her motion for new trial. The record reflects that the trial court dismissed appellant's motion for new trial and stated: "This Court entered an order . . . dismissing appellant's complaint. Said order was entered on the basis that the complaint failed to set forth a cause of action. Under these circumstances a motion for new trial will not lie." "While appellant may disagree with the trial court's legal conclusions, we are constrained to conclude that appellant has pursued the wrong channel of appeal. ' "Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time." ' [Cit.]" *Sands v. Lamar Properties*, 159 Ga. App. 718, 719 (285 SE2d 24) (1981). Accordingly, we find no error with the trial court's dismissal of appellant's ·motion for new trial.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 11, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 — 

Anne Otwell, *pro se.*

Frank H. Jones, William W. Byington, Jr., J. Bryant Durham,

*Jr.,* for appellees.