[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR COUNSEL-DISQUALIFICATION (#108)
On September 3, 1992, the plaintiff, Matthews Group, Inc., filed the present action against the defendant, Essex Savings Bank. The present case involves an action on an option agreement for the repurchase of real property known as the "Boxwood" property, located on Lyme Street in Old Lyme, Connecticut.
On October 5, 1992, the plaintiff filed a motion for disqualification on defendant's counsel, Attorney John Bennet. The plaintiff argued that the Connecticut Rules of Professional Conduct, Rules 1.6(a), 1.9, 1.10 and 3.7 required that Attorney Bennet and his law firm be disqualified because he formerly represented the plaintiff, now an adverse party, in matters related to the present dispute. The matter was heard before Judge Arena, at which time Attorney Bennet agreed to voluntarily withdraw his appearance and forwarded the file to the law firm of Evans, Feldman Boyer, P.C.
On October 9, 1992, the newly appointed firm filed an appearance on behalf of the defendant, Essex Savings Bank.
Attorney Phoebe Boyer, a named partner of the law firm currently representing the defendant in the present action, is also Attorney Bennet's sister.
On January 8, 1993, the plaintiff filed the present motion for disqualification. The plaintiff argues that the Connecticut Rules of Professional Conduct, Rule 1.8(i), requires the disqualification of Attorney Boyer and her law firm.
"A trial court has the obligation to inquire into the possibility of a conflict of interest "when it knows or reasonably should know" that a potential conflict exists." (Citation omitted.) State v. Williams, 203 Conn. 159, 168, A.2d 1284 (1987). "[T]he trial court has broad discretion in determining whether an attorney should be disqualified, due to CT Page 2582 an alleged breach in confidentiality or conflict of interest." (Citation omitted.) State v. Bunkley, 202 Conn. 629, 653,522 A.2d 795 (1987). "Where . . . an attorney does not withdraw, a court exercising its supervisory power can . . . disqualify the attorney." (Citation omitted.) Enquire Printing Publishing Co. v. O'Reilly, 193 Conn. 370, 376, 447 A.2d 648 (1984).
"In reviewing the court's action to disqualify defendant's counsel we must not only accord every reasonable presumption in favor of the trial court's decision, but we also should hesitate to reverse unless an abuse of discretion is manifest or injustice appears to have been done." (Citation omitted.) Goldenberg v. Corporate Air, Inc.,189 Conn. 504, 508, 457 A.2d 296 (1983). Thus, attorney disqualification is a discretionary matter for the court. See id.
The Connecticut Rules of Professional Conduct, Rule 1.8(i), provides that "[a] lawyer related to another lawyer as parent, child, sibling or spouse shall not represent a client in a representation directly adverse to a person who the lawyer knows is represented by the other lawyer except upon consent by the client after consultation regarding the relationship. Connecticut Rules of Professional Conduct, Rule 1.8(i). The language of the Connecticut Rules of Professional Conduct, Rule 1.8(i), does not refer to representation of former clients but rather existing clients. There are no Connecticut superior court decisions interpreting Rule 1.8(i). However, outside of the Connecticut jurisdiction, there are decisions involving the Rule's predecessor, the Code of Professional Responsibilities, DR 4-101, DR 5-101(A), which hold that the ethical rules require disqualification only where the lawyer-relatives represent opposing parties. See Accord, Blumenfeld v. Borenstein, 247 Ga. 406, 276 S.E.2d 607 (1981) (where the court held that a per se rule disqualifying opposing lawyer-spouses would chill their professional choices).
In the present case, the plaintiff was a former client of Attorney Bennet. There is no evidence to suggest that client confidentiality has been breached by Attorney Bennet to Attorney Boyer. The mere fact that Attorney Boyer is currently or was in the past a social acquaintance of the plaintiff's principal is insufficient to establish that Attorney Boyer has or will receive confidential information which would give rise to the need for imputed disqualification. A per se rule for imputed disqualification of CT Page 2583 lawyer-relatives was not intended by the drafters of the Connecticut Rules of Professional Conduct. The plaintiff's position would be strengthened if the lawyer-relatives were opposing counsel in the current litigation, which they are not.
The court denies the plaintiff's motion for disqualification of defendant's counsel and her law firm, pursuant to the Connecticut Rules of Professional Conduct, Rule 1.8(i).
HIGGINS, J.