No. 9.—Wm. B. GAULDEN and others, plaintiffs in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Where a Solicitor General in this State has, during his term of office, instituted a prosecution against a defendant, by preferring a bill of indictment against him for a violation of the law, public policy forbids that he should be allowed, after the expiration of his term of office, to be employed as counsel for such defendant, on his trial for the offence charged in such indictment.

Motion, in Bryan Superior Court. Decision by Judge H. R. JACKSON, December Term, 1851.

The case of the State *vs.* James Cody and Patrick Cody, for a misdemeanor, being called up for trial, Wm. B. Gaulden appeared as one of the counsel for defendants, and requested his name to be marked on the docket; when counsel for the State objected, upon the ground that said Gaulden, at the previous April Term, (being then the Solicitor General of the district,)

drafted the indictment upon which the issue for trial was formed; that he consulted with the assistant counsel, and was cognizant of the facts of the case. It also appeared that the Solicitor General's fee for drawing the indictment had been allowed by the Court, but had not been paid out of the fines and forfeitures, as authorized by law, there not being any fund in hand for that purpose.

Upon argument, the Court below excluded Mr. Gaulden from appearing as counsel.

This decision is assigned as error.

Wm. B. Gaulden and Wm. B. Fleming, for plaintiff.

Jno. Owens, for defendant in error.

Wm. B. Gaulden, for plaintiff in error, submits the following note of the points and questions to be made :

The election of Solicitor General to office, is in the nature of a contract.

The termination of the term for which the party was elected, is a termination of the contract, and the parties are remitted to their original positions.

In this case, the term of office had expired, and a successor elected and qualified. 2d. There is no analogy between the relations of a Solicitor General and the State, and the relations of any ordinary counsel and client. But if there was a client who employs counsel to perform specific duties up to a certain point, and then discharges him, releases the counsel from all obligation not to be employed against him in that case. In this case, I had been discharged by the State.

3d. I could have known nothing of the facts of the case, except as I derived them from counsel; this was mere hearsay and not remembered by me five minutes after.

4th. This indictment was found on presentment of a Grand Jury; the law made it the duty of the Solicitor General to draft this indictment. *Prince's Digest*, 659. The Constitution of the

United States, *Prince*, 900. Constitution of Georgia, *page* 911, *Prince's Digest*. No compensation was ever received for drawing the indictment.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The question made in this case is, whether a Solicitor General who, in his official capacity, has drawn an indictment against a defendant or defendants, and prosecuted the same, as counsel for the State, can be permitted, after the expiration of his term of office, to take a fee from the defendant or defendants, in such indictment, and appear as his or their counsel, for the purpose of defending him or them, on the trial, for the accusation contained therein ? The practice in most of the Circuits of this State, so far as we know or believe, has heretofore uniformly been, to allow the Solicitor General to appear as counsel for the defendants against whom bills of indictment had been preferred during his term of office. In this case, the former Solicitor General has only done what has heretofore been the general practice in most of our Circuit Courts ; but upon what principle this practice has been allowed to prevail, we are not advised. The question has, however, now been presented for our consideration and judgment, and we are bound to decide it according to our views of right and public policy. It is urged in behalf of the former Solicitor General, that in his official capacity, he must be considered as standing indifferent between the people of the State and the defendant who is indicted ; that when his successor has been elected and qualified, the State is to be considered as having *discharged* him from her service, and therefore, he is at liberty to appear as counsel for the defendants whom he prosecuted while in office. Admitting, that in his *official* capacity, he is supposed to stand indifferent, so far as his personal feelings are concerned, yet, he is not the less the counsel for the State on that account, and must necessarily become familiar with the facts of the case upon which the State relies for a successful prosecution of the indictment. His position, as the counsel for the State, enables him to learn the difficulties which may stand in

the way of the conviction of one who is really guilty, which no other person would be as likely to know, for the reason, that his communication with the prosecutor, the witnesses, and the Grand Jury, afford him the means of ascertaining many facts, which only those who are *officially* connected with the government, can know. Shall he be permitted to make use of the privilege thus officially conferred upon him, while in the discharge of his duties as counsel for the State, for the purpose of defending those who have been accused of crime during his official term of office, and that, too, for a reward paid by them to him, for such service?

Neither can the Solicitor General, on the expiration of his term of office, properly be considered as having been *discharged* by the State. The contract between him and the State is, that he will perform certain duties enjoined by law, for a specified term of time, for a stipulated compensation. Upon the expiration of the period of time for which he was elected, he is out of office, by the *express terms of the contract.* The State does not discharge him, but his term of service expires, by the express stipulation of the contract made between himself and the State; and hence, the want of any analogy between such a contract and a contract with a private citizen for professional services, who discharges his counsel from his case before the termination of the suit in which he is employed. The administration of the law should be free from all temptation and suspicion, so far as human agency is capable of accomplishing that object; and in our judgment, *public policy* most emphatically demands, that a Solicitor General who has been employed by the State, to prosecute defendants for a violation of her laws, for the compensation affixed by law, should not be allowed to defend such defendants from the charge contained in the indictment, after the expiration of his term of office, for a compensation to be paid by them for that purpose. Such a practice will have a tendency to greatly embarrass the administration of the Criminal Law; for, as the term of the office of Solicitor General is about to expire, prosecutors and others, who may be intrusted to prosecute offenders, will necessarily be restrained from communicating

Gaulden and others *vs.* The State of Georgia.

freely with the State's counsel, when he may be employed at the next term of the Court, to defend the indicted culprit. It is no sufficient answer to say, that the law will not allow him to disclose any fact which may have been communicated to him, as the counsel for the State, to her prejudice. If he *knows* the vulnerable points in the case, derived by his official connexion with it, there are many ways by which those points might be made available to the defendant on his trial, by his counsel, besides disclosing them as a witness. If he has knowledge of facts, derived from his official connexion with the prosecution, which will operate to the prejudice of the State, and he is permitted to act as counsel for the defendant, that knowledge will be made available in the defence; therefore, we place our judg. ment on the ground, that public policy forbids that a Solicitor General who has prosecuted a defendant for a violation of the law, by preferring an indictment against him, should appear as his counsel to defend him from the charge, after the expiration of his term of office. We take pleasure in stating, that in the present instance the plaintiff in error has only pursued the general practice which has heretofore prevailed in most of the Circuits of this State, and that no positive abuse of his professional confidence has been made to appear, and none is imputed to him in this case, by the judgment which we have felt it to be our duty to award; but we affirm the judgment of the Court below, as before stated, on the ground of public policy, irrespective of the particular facts of this case.