74667. RIVERS et al. v. GOODSON et al.
(360 SE2d 740)

SOGNIER, Judge.

James and Ronald Rivers brought suit against William C. Goodson and Composite Communications Corporation seeking damages arising out of alleged harassment and interference with the operation of radio stations formerly owned by a corporation in which the Riverses were substantial stockholders. The trial court denied the Riverses' motion to disqualify counsel for Goodson and Composite Communications, and dismissed the complaint as a sanction for the Riverses' failure to permit discovery. This appeal ensued.

1. Appellants contend the trial court erred by denying their motion to disqualify Gary M. Christy, counsel for appellees, alleging that

Christy's representation of appellees created an "appearance of impropriety," contravening The Canons of Ethics, Code of Professional Responsibility, Rule 3-109 (Canon 9), EC 9-3 and DR 9-101 (B). EC 9-3 provides: "After a lawyer leaves judicial office or other public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appearance of impropriety even if none exists." 252 Ga. 637. Similarly, DR 9-101 (B) provides: "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee." 252 Ga. 638.

Appellants argue an appearance of impropriety exists because Christy was serving as district attorney for the Cordele Judicial Circuit when appellant James Rivers had occasion to consult with him about a possible criminal investigation related to incidents which later became the subject of this civil action. The record reflects that the meeting was brief, lasting approximately one hour, and that the district attorney's office undertook no further action or investigation, but referred the entire matter to the sheriff's department.

"[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981). "The rules of disqualification of an attorney will not be mechanically applied; rather, we should look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of lawyers appearing before the court and other social interests, which include the litigant's right to freely chosen counsel. [Cit.]" *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467, 468 (1) (326 SE2d 827) (1985). The facts presented here do not indicate Christy had a "substantial responsibility" in the criminal investigation of appellants' allegations in his former capacity as district attorney, nor have appellants demonstrated by any evidence, other than their bare assertion, how they will be harmed or prejudiced by Christy's current representation of appellees in the civil litigation regarding this matter. Under these circumstances, we cannot agree with appellants "that such an appearance of impropriety exists here to outweigh [appellees'] interest in being represented by [their] counsel of choice." Id. at 469 (1). We find no abuse of discretion by the trial court in denying appellants' motion to disqualify appellees' attorney.

2. Appellants also maintain the trial court erred by dismissing their complaint as a discovery sanction. Appellants argue the dismissal was improper because they had not failed to comply with any enforceable order of the trial court compelling discovery, nor had they totally failed to respond at the time the dismissal order was entered. We agree and reverse.

OCGA § 9-11-37 provides two avenues by which sanctions may be imposed on a party for failure to permit discovery. Where some response is made, the propounding party may seek a court order compelling further answer pursuant to § 9-11-37 (a), and only the subsequent violation of such an order authorizes sanctions under § 9-11-37 (b). Alternatively, sanctions may be sought immediately for total failure to respond to discovery requests pursuant to § 9-11-37 (d) without necessity of first obtaining a court order compelling compliance. *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 438 (254 SE2d 825) (1979).

The record reveals that appellants failed to respond to appellees' discovery requests within the original 30-day period. Although this failure would have authorized the trial court to impose immediate sanctions, including dismissal, pursuant to OCGA § 9-11-37 (d), *Mayer*, supra, the trial court decided instead to grant appellees' motion to compel discovery. Thus the trial court verbally ordered appellants on October 28, 1986 to answer appellees' interrogatories in 10 days. It is undisputed that in the October 28 verbal order the trial court did not expressly order appellants to respond to appellees' request for production of documents. It is further uncontroverted that in compliance with the verbal order, appellants filed their response to the interrogatories within the 10-day period granted to them. On December 23, 1986 (after a hearing on a second motion by appellees to compel discovery or for sanctions), an order was entered nunc pro tunc which purported to reduce the October 28 order to writing. The nunc pro tunc order, however, recited that appellants "have ten (10) days from the announcement of the Order, October 28, 1986, to comply fully with [appellees'] interrogatories *and requests for production*." (Emphasis supplied.)

The dismissal order appealed from was entered on the same day the nunc pro tunc order was entered. The dismissal was based on three grounds. First, the trial court found appellants had failed to comply with its previous orders. However, the nunc pro tunc order was invalid insofar as it ordered compliance with appellees' request for production of documents. " 'A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry which is to take effect as of the former date. Such an entry cannot be made to serve the office of correcting a decision however erroneous, or of supplying non-action on the part of the court.' [Cits.] Further, such an entry 'cannot serve . . . to supply an order which it (the trial court) failed to make.' [Cit.]" *Beatty v. Underground Atlanta*, 237 Ga. 844-845 (1) (229 SE2d 615) (1976). *Hunt v. Williams*, 104 Ga. App. 442 (122 SE2d 149) (1961), cited by appellees, is inapposite in that in *Hunt*, we held a nunc pro tunc order granting an extension of time for filing a brief of evidence

validly related back to an order granting a motion for new trial from which the provision for an extension had been omitted, because "[t]he clear intendment of the court's order nunc pro tunc was that at the time the [order] was issued the court did in fact grant the extension of time to prepare and file a brief of evidence but failed to properly record this action." Id. at 454. Unlike the situation in *Hunt*, the record in the case at bar fails to indicate the trial court in fact ordered appellants to comply with the request for production of documents. Further, contrary to appellees' argument, the rule that we will presume the regularity of proceedings in a court of competent jurisdiction, see *Vaughan v. Buice*, 253 Ga. 540 (322 SE2d 282) (1984), has no application here, where the transcript is included in the record, and that transcript unequivocally indicates a discrepancy between the oral order and the one later entered nunc pro tunc. Since the nunc pro tunc order was ineffective to compel production of documents, and it is clear appellants had complied with the previous order compelling answers to the interrogatories, the trial court's finding that appellants had not complied with its previous orders is erroneous.

Second, the trial court found that appellant James Rivers' failure to verify his interrogatory answers until December 22, 1986 constituted a total failure on his part to respond. However, the responses in the case at bar were submitted on behalf of both appellants prior to the motion for sanctions, and in compliance with the court's previous order. *Merrill Lynch &c., Inc. v. Echols*, 138 Ga. App. 593 (226 SE2d 742) (1976), relied upon by the trial court, is therefore factually inapposite. In addition, unlike the responses in *Merrill Lynch* at 595 and those in *Gregory v. King Plumbing*, 127 Ga. App. 512 (1) (a) (194 SE2d 271) (1972) and *Williamson v. Lunsford*, 119 Ga. App. 240 (2) (166 SE2d 622) (1969), the responses were signed and verified not by counsel, but by appellant Ronald Rivers, one of the two parties. We therefore do not agree with the trial court that this constituted a willful total failure to respond on the part of appellant James Rivers.

Finally, the trial court found that the responses submitted were so evasive and incomplete as to be treated as a complete failure to answer. This finding appears to be based on OCGA § 9-11-37 (a) (3), which provides that "[f]or purposes of the provisions of this chapter which relate to depositions and discovery, an evasive or incomplete answer is to be treated as a failure to answer." However, in *Thornton v. Burson*, 151 Ga. App. 456 (260 SE2d 388) (1979), under circumstances factually similar to those here, this court considered OCGA § 9-11-37 (a) (3) with respect to the imposition of the dismissal sanction. Citing *Mayer*, supra, we held in *Thornton*, supra at 461, that the "response to the order to compel — inadequate though it may be — should not have been treated as a total failure to respond under [OCGA § 9-11-37 (d)] so as to authorize the imposition of the ulti-

mate sanction."

We recognize that a trial court has broad control over the use and limitations of discovery procedures, and unless there is a clear abuse of this discretion the appellate courts will not interfere. *Jackson v. Gordon*, 122 Ga. App. 657 (178 SE2d 310) (1970). Under the circumstances here, however, we are constrained to hold the trial court abused its discretion in imposing the ultimate sanction and dismissing appellants' complaint. See *Thornton*, supra.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 8, 1987.

*Ben B. Mills, Jr., Kenneth L. Millwood*, for appellants.
*Gary C. Christy, David N. Rainwater*, for appellees.