## A91A1742. LOVE v. THE STATE.

(416 SE2d 99)

McMurray, Presiding Judge.

Defendant was arrested on cocaine charges. A preliminary hearing was held on June 16, 1988. Defendant was represented at the hearing by John Fleming of the firm of Fleming, Blanchard and Bonner. The State was represented by the district attorney and Danny Durham, an assistant district attorney. It came to pass that the district attorney left the preliminary hearing as it was drawing to an end. Durham saw it through and, following the hearing, defendant was bound over for trial.

In November 1988 Danny Durham left the district attorney's office and went to work for Fleming, Blanchard and Bonner. Prior to trial, in December 1990, the State moved to disqualify the Fleming law firm as defendant's counsel. A hearing was held on the motion on March 5, 1991.

At the hearing, an investigator testified that, after the preliminary hearing, he had a conversation with Durham about the "direction" of the case against defendant and what Durham "thought about it." Durham testified he had no recollection of "any specific conversation" about defendant's case.

The trial court granted the motion to disqualify on March 5, 1991, ruling: "[T]o allow the firm with which Mr. Durham is now associated to continue representation of the defendant would create the appearance of impropriety and would likely provoke suspicion and distrust of the judicial process. Society's interest in the prosecution of this case outweighs the defendant's right to counsel of his choice." The trial court certified its ruling for immediate review and we granted defendant's application for an interlocutory appeal. *Held*:

" 'The rule must of necessity be that if an attorney has been employed in a matter and has appeared in court in connection therewith, he can not thereafter accept employment and appear in a case against his former client, where under the latter employment he must necessarily assume a position contrary to that involved in his former employment.' *Tilley v. King*, 190 Ga. 421, 425 (9 SE2d 670)." *Burkett v. State*, 131 Ga. App. 662, 663 (206 SE2d 848). Thus, if "it should be made to appear to the court that counsel who proposes to represent one of the parties thereto has previously been in the employment of the opposing party in the same or a related matter, it would be serious error to permit him to continue in the case, unless it should appear that he took no action in the case while counsel for the opposing party, and it was clearly shown that he did not acquire, by reason of such employment, any knowledge or information concerning the case; and even in these circumstances the court might, in its discretion, disqualify him, looking to the full administration of justice." *Clifton v. State*, 187 Ga. 502, 505 (2 SE2d 102). Accord *Conley v. Arnold*, 93 Ga. 823, 824, 825 (20 SE 762).

"In the early case of *Gaulden v. State*, 11 Ga. 47 (1852), it was held that public policy would prevent a solicitor general who instituted a prosecution against a defendant by preferring a bill of indictment against him from later representing the defendant for the offense charged in the indictment. It was stated, at page 51, as follows: 'It is no sufficient answer to say, that the law will not allow him to disclose any fact which may have been communicated to him, as the counsel for the state, to her prejudice. If he *knows* the vulnerable points in the case, derived by his official connection with it, there are

many ways by which these points might be made available to the defendant on his trial, by his counsel, besides disclosing them as a witness. If he has knowledge of facts, derived from his official connection with the prosecution, which will operate to the prejudice of the state, and he is permitted to act as counsel for the defendant, that knowledge will be made available in the defense; therefore, we place our judgment on the ground, that public policy forbids that a solicitor general who has prosecuted a defendant for a violation of the law, by preferring an indictment against him, should appear as his counsel to defend him from the charge, after the expiration of his term of office.' " *Lane v. State*, 238 Ga. 407, 408 (4), 409 (233 SE2d 375).

The principles underlying *Gaulden v. State*, 11 Ga. 47, supra, and *Clifton v. State*, 187 Ga. 502, 505, supra, are embodied in the Canons of Ethics, Code of Professional Responsibility, Rule 3-109 (Canon 9), Ethical Consideration (EC) 9-3 and Directory Rule (DR) 9-101 (B). EC 9-3 provides: "After a lawyer leaves judicial office or other public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appearance of impropriety even if none exists." 252 Ga. 637. Likewise, DR 9-101 (B) provides: "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee."

In the case at bar, Durham represented the State at the defendant's preliminary hearing. In our view, Durham's appearance in a courtroom of this State as an assistant district attorney demonstrates that he had a "substantial responsibility" in prosecuting defendant's case. Accordingly, we agree with the trial court that the law firm representing defendant should be disqualified. *Tilley v. King*, 190 Ga. 421, 425, supra; *Clifton v. State*, 187 Ga. 502, 505, supra; *Gaulden v. State*, 11 Ga. 47, supra. Compare *Rivers v. Goodson*, 184 Ga. App. 70 (360 SE2d 740); *People v. Anaya*, 732 P2d 1241 (Colo. App.). Our conclusion is buttressed by the fact that the parties disagree over the content of discussions between Durham and the State's investigator. In view of the disagreement, it cannot be said unequivocally that Durham did not acquire any knowledge or facts about the case. See *Clifton v. State*, 187 Ga. 502, 505, supra.

"[A] lawyer must avoid even the appearance of impropriety, DR 9-101, to the end that the image of disinterested justice is not impoverished or tainted. Thus it is that sometimes an attorney, guiltless in any actual sense, nevertheless is required to stand aside for the sake of public confidence in the probity of the administration of justice. Such is the basis of our necessary ruling in this case." *State v. Rizzo*, 350 A2d 225 (69 N.J. 28).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JANUARY 30, 1992 —
RECONSIDERATION DENIED FEBRUARY 19, 1992.

*Dunstan, Dunstan & Cleary, J. Richard Dunstan,* for appellant.
*Michael C. Eubanks,* District Attorney, *Daniel W. Hamilton, Richard E. Thomas,* Assistant District Attorneys, for appellee.