## A93A0044. STEPHENS v. THE STATE.
### (431 SE2d 422)

BIRDSONG, Presiding Judge.

Reginald Stephens was indicted and convicted of robbery with "an offensive weapon, to-wit: a large blade screwdriver." On the night of January 11, 1991, the victim met Stephens in a convenience store in Paulding County. Stephens asked the victim for a ride; they left in the victim's truck and ended up on a dirt road in a sparse area where the victim saw no houses with lights. In the victim's truck, Stephens put his hand on the victim's neck and raised a screwdriver to the victim's chest as a weapon to rob him. The victim could see the screwdriver in the dark and knew it as one which had been in the truck. Stephens took $18 from the victim and some tools.

According to Stephens, the victim asked Stephens to buy some marijuana and gave Stephens $18. Stephens went to a nearby house to buy the marijuana but he was $2 short; when he returned to give the money back the victim was gone. The victim admitted he "may have mused about [marijuana]" with Stephens in the store and that because he had only $18, "the offer was" discussed that Stephens would add $2 to buy marijuana. Defense counsel attempted to show the victim could not account for an hour during the episode, indicating he waited for Stephens and got angry because he had no money and no marijuana. Stephens raises three errors. Held:

1. Appellant contends the trial court erred in denying a continuance for appellant to hire new counsel. Appellant asserts he had only seven days' notice of the trial date, but the record shows counsel was appointed in May 1991; counsel conferred with appellant several times and not until the day of trial in September 1991, did appellant try to employ new counsel. Appellant told the court that the new attorney "[is] supposed to come over to the jail to see me today." His reason for wanting new counsel was that he felt "mighty incompetent with my attorney." Pressed further, appellant said, "Well, I feel that I need another attorney to represent me because . . . I just feel totally unsafe with him." The trial court ruled this an insufficient basis for granting a continuance.

The grant or denial of a continuance, including on grounds of absence of counsel, is within the discretion of the trial court and will not be disturbed unless it clearly appears the trial court abused that discretion. Pope v. State, 256 Ga. 195, 207 (345 SE2d 831); Wood v.

*State*, 199 Ga. App. 252, 253 (404 SE2d 589); *Huckaby v. State*, 127 Ga. App. 439 (194 SE2d 119). Appellant gave no reason why he waited until the day of trial to hire new counsel. Denial of continuance may be proper where defendant negligently failed to employ counsel promptly or where it appears he is using the tactic for delay. *Wallis v. State*, 137 Ga. App. 457, 459 (224 SE2d 91). There is no indication in the record that appellant's tactic was other than an attempt to delay trial. Moreover, the trial court stated it stood ready to permit new counsel to participate at trial, but new counsel (who is also appellate counsel) did not appear at trial. Appellant has failed to bear his burden to prove error. *Pippins v. State*, 204 Ga. App. 318 (419 SE2d 28).

2. Appellant contends he was denied effective assistance of trial counsel. See *Hawes v. State*, 240 Ga. 327 (240 SE2d 833) and *Timberlake v. State*, 200 Ga. App. 64, 68-69 (406 SE2d 537): a defendant must show not only that counsel was deficient but that the deficiency prejudiced the defense.

(a) Appellate counsel does not show how the defense was prejudiced by trial counsel's failure to interview certain witnesses, and there is no showing that any such witness would in fact have aided appellant's defense.

(b) Trial counsel's failure to have the probable cause hearing recorded did not result in ineffective assistance of counsel. Appellant asserts he was unable to show that at that hearing the victim could not describe the weapon. However, the trial transcript shows that counsel adequately cross-examined the victim at trial as to the discrepancy between his preliminary hearing testimony and his testimony at trial that the weapon was a big screwdriver.

(c) Trial counsel was not ineffective in failing to object to the prosecutor's argument that appellant "had experience in [the] area [of drugs]." Appellant testified that he agreed to buy marijuana and knew where to get marijuana; the prosecutor's remark was thus within the evidence. See *Durden v. State*, 250 Ga. 325, 329-330 (297 SE2d 237).

(d) Appellant complains that trial counsel failed to request jury charges on the lesser offenses of robbery and theft by taking. However, the evidence at the motion for new trial hearing shows counsel discussed the matter of lesser offenses with appellant, but appellant's position was that he had not robbed the victim or committed theft but was given $18 which he later tried to return. Thus the evidence was either that appellant committed armed robbery or that he was given the money, so there was no evidence he committed an offense of robbery or theft by taking. See *Johnson v. State*, 204 Ga. App. 246, 247 (3) (419 SE2d 107). A charge on lesser included offenses was not warranted by the evidence.

(e) Appellant contends counsel was ineffective in not objecting to the prosecutor's reference to "the black boy" and because defense counsel referred to appellant as "being a black man." Racial prejudice is a highly volatile and cancerous factor which cannot be condoned, and its deliberate introduction by defense counsel may render defense counsel's performance deficient. *Kornegay v. State*, 174 Ga. App. 279, 282-283 (329 SE2d 601). Its incendiary nature is such that its effect cannot readily be controlled by defense counsel, so it cannot be excused merely on grounds that counsel used it in his client's best interests. In *Kornegay*, this entire court expressed our attitude that such racial distinctions are offensive. Id. at 287. Therefore, we will closely scrutinize any racial distinctions wherever and by whomever made in the course of a trial. But because of the insidious effect of racial distinctions, we cannot say that every such reference is prejudicial as a matter of law; to call it a deficiency of counsel as a matter of law might deprive a defendant of an important defense in some cases.

Assuming trial counsel was deficient in this matter, we do not conclude the deficiency actually prejudiced the defense. The prosecutor's reference to "the black boy" was used in describing how appellant directed the victim down a certain road. There was no reason to use the term descriptively, for there were only two people in the truck and the jury could see the victim was white and the appellant was black. Defense counsel probably should have objected to the statement. But the description is not by itself a vulgar or odious word, as was the word used in *Kornegay*.

The defense counsel's query whether the victim gave appellant a ride because he felt intimidated by appellant's "being a black man in probably what's predominantly a white community," and the other statement referred to above did not in all likelihood contribute to the verdict. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

Appellant has not sustained his burden to establish that trial counsel's representation was deficient. *Spinks v. State*, 204 Ga. App. 249, 251 (419 SE2d 108). The trial court's ruling as to effective assistance was not "clearly erroneous." Id.

3. The evidence was sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in denying a new trial.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993.

*Leonard Danley*, for appellant.

*George C. Turner, Jr., District Attorney, Donald N. Wilson, Assistant District Attorney*, for appellee.