## A98A0463. WILSON v. THE STATE.

(500 SE2d 387)

ELDRIDGE, Judge.

Appellant John Jeffery Wilson was indicted for aggravated assault against Shane Upchurch, a male friend of appellant's girl friend, Denise Deaton, and for burglary and aggravated assault against Deaton. A Henry County jury found appellant guilty of the lesser included offense of simple battery against Upchurch; he was acquitted of all other charges. He appeals his conviction. We affirm.

1. Appellant contends that the trial court erred in denying his motion for continuance in order to hire new counsel. This contention is meritless.

The record shows that appellant was appointed counsel nine months prior to trial. Over a month prior to the scheduled trial date, appellant knew that the trial court would not accept a guilty plea, because appellant refused to admit his guilt in the matter.[1] In addition, the record shows that appellant could not articulate a basis for his dissatisfaction with his court-appointed attorney other than "I would not be comfortable with Mr. Matthews representing me at trial."

"The grant or denial of a continuance, including on grounds of absence of counsel, is within the discretion of the trial court and will not be disturbed unless it clearly appears the trial court abused that discretion." *Stephens v. State*, 208 Ga. App. 620 (431 SE2d 422) (1993). Denial of a continuance may be proper where defendant negligently failed to employ counsel promptly or where it appears he is using the tactic for delay. *Stephens*, supra at 621. Based on the record herein, we cannot say the trial court abused its discretion in denying appellant's motion for continuance, made on the day of trial, in order to hire new counsel.

2. Appellant appeals the denial of his motion for bond pending his appeal. "Because we have decided the main appeal, the appeal from the denial of bond pending post-trial relief is moot. [Cit.]" *Fenimore v. State*, 218 Ga. App. 735, 739 (463 SE2d 55) (1995).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 25, 1998.

*Lloyd J. Matthews*, for appellant.

---

[1] Appellant concedes that "Appellant is not faulting the Trial Court for refusing the plea, when the Appellant failed to provide a factual basis for accepting his tendered plea. This was entirely proper."

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.