## A02A0652. BROWN v. THE STATE.
(568 SE2d 727)

RUFFIN, Judge.

A jury found former Liberty County Tax Commissioner Carolyn R. Brown guilty of four counts of theft by converting tax revenues and one count of violating Georgia's Racketeer Influenced and Corrupt Organizations Act. She appeals, asserting that she was denied effective assistance of counsel. Brown also contends that the trial court erred in admitting certain evidence, restricting her closing argument, and charging the jury. For reasons that follow, we affirm.

The record shows that Brown began serving as the tax commissioner on January 1, 1993. As compensation for her services, Brown received a salary and commissions that were based on the sale of automobile tags in Liberty County and the amount of ad valorem taxes collected by the county. In 1995, following this Court's opinion in *Weldon v. Bd. of Commrs. &c.*,[1] the county attorney learned that Brown was not entitled to the commissions and informed her of this fact. Despite the notice, Brown continued collecting the commissions, contending that they were authorized by local legislation.[2] Eventually, Brown sought a declaratory judgment that she was entitled to the commissions, but both the trial court and the Supreme Court of Georgia ruled against her.[3] In 2000, a grand jury indicted Brown for theft by converting the tax revenues she took as commissions between 1995 and 1999. The grand jury also indicted Brown for a RICO violation based on the predicate acts of theft by conversion. Following trial, a jury found Brown guilty of these offenses, and this appeal ensued.

1. Brown's contention that she was denied effective assistance of counsel stems primarily from her dismissal of retained counsel. The record shows that, on September 20, 2000, approximately five weeks after she was indicted, Brown retained two attorneys to represent her. On February 28, 2001, the trial court granted Brown's motion for a change of venue, and the case was specially set for trial in DeKalb County beginning April 23, 2001. During the first two days of trial, the parties selected a jury, presented opening statements, and examined three State's witnesses.

On the morning of the third day, Brown announced that she wanted to dismiss her attorneys because they had recommended that she accept a plea offered by the State. The trial judge asked Brown whether she would be representing herself, and Brown responded, "yes[ ] sir, for today, . . . because you have not allowed me a chance

---

[1] 212 Ga. App. 885 (443 SE2d 513) (1994).
[2] See *Brown v. Liberty County*, 271 Ga. 634 (522 SE2d 466) (1999).
[3] See id.

to get legal counsel and until I can get legal counsel, I will have to sit here and represent myself." Brown explained,

> I believe without a doubt that [existing counsel are] fighting for my rights. We have a difference of opinion. Mine is faith-based, sir, and I know they're practical and analytical. . . . I've refused to take a plea, which is what they thought was the best thing to do, but I know that I have not done anything wrong so I've got to go with that.

Following her announcement, the trial court spent considerable time warning Brown of the dangers of her decision and ensuring that she appreciated the possible consequences. The court ultimately granted Brown's request to relieve counsel, and the trial proceeded with the State's presentation of its witnesses.

After the lunch recess, Brown informed the court that she had found substitute counsel. The trial court, however, granted the State's motion to disqualify the law firm she selected because one of the firm's associates had formerly worked on the team of the Liberty County District Attorney's Office that was prosecuting Brown's case. Brown, who is represented by different counsel on appeal, now asserts that the trial court erred in: (a) allowing her original retained counsel to "withdraw after trial had begun"; (b) disqualifying substitute counsel; and (c) failing to grant a new trial based on the ineffective assistance of retained counsel. We disagree.

(a) In addressing the first assertion, we reject Brown's suggestion that counsel elected to withdraw from the case. The evidence clearly shows that Brown's attorneys were ready to proceed, but were dismissed by Brown. Under these circumstances, we must determine whether Brown intelligently waived her right to counsel.[4] To determine whether a defendant validly waives her right to counsel,

> a trial judge must investigate as long and as thoroughly as the circumstances of the case before him demand. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. Finally, when the defendant pleads not guilty and proceeds to trial without benefit of counsel,

---

[4] See *Gamble v. State*, 235 Ga. App. 777, 780 (4) (510 SE2d 69) (1998).

the State must show the decision to proceed pro se was made knowingly and intelligently.[5]

In this case, after Brown informed the court that she had decided to dismiss her attorneys, the judge explained to her that they were well qualified, had spent considerable time preparing to defend her, and were ready to proceed on her behalf. The court informed Brown that if she dismissed counsel, she would have no assistance during the trial and would seriously jeopardize her rights. The trial judge further warned Brown that, because she had announced ready for trial, a jury had been selected, and the trial had commenced, the court would not grant any continuances for her to procure substitute counsel. The trial court then ascertained that Brown was making the decision freely and voluntarily and that she understood the seriousness of the case and the potential sentence if convicted. The court also informed Brown that she was presumed innocent and that the jury would never learn of the plea offer. Brown nonetheless insisted that she "still wish[ed] to proceed on [her] own without the assistance of counsel," and the court granted her request.

Like the trial court, we are troubled that Brown elected to dismiss retained counsel and proceed pro se. Under the circumstances, however, we find she made the decision knowingly and intelligently. Having successfully served as the county tax commissioner for several years and having litigated her claim to the commissions in Georgia's trial and appellate courts, Brown clearly had a grasp of both the legal process and the nature of the charges against her when she elected to proceed pro se. The trial court went to great lengths to ensure that she understood her rights, the seriousness of the charges, the perils of proceeding pro se, and that her existing retained counsel — who spent approximately seven months preparing for trial — were ready to continue defending her. Although we question why Brown insisted on immediately dismissing her attorneys, the decision was hers to make, and she made it with a full understanding of the consequences.[6]

A defendant cannot play her right to counsel against her right to waive counsel "with the hope of creating error. Neither may a defendant who has knowingly waived counsel then complain of a lack of counsel when [she] determines that the judge's warnings were valid. Under such circumstances, the defendant's problems are of [her] own making, and [she] is bound by [her] poor choices."[7] We find no error in

[5] (Citations and punctuation omitted.) Id.
[6] See id. at 781-782; *McDowell v. State*, 239 Ga. App. 667, 668-669 (1) (522 SE2d 44) (1999); *Reviere v. State*, 231 Ga. App. 329, 331 (1) (498 SE2d 332) (1998).
[7] *McDowell*, supra at 669.

the trial court's decision to grant Brown's request to dismiss counsel.[8]

In the same enumeration of error, Brown also suggests that the trial court should have granted a continuance for her to find new counsel. "The grant or denial of a continuance, including on grounds of absence of counsel, is within the discretion of the trial court and will not be disturbed unless it clearly appears the trial court abused that discretion."[9]

The trial court did not abuse its discretion in this case. The trial court found that Brown's decision to dismiss counsel was motivated by her desire to delay the proceedings and create a mistrial. We cannot conclude that the trial court abused its discretion. As stated above, Brown could not pit her right to counsel against her waiver as a means to create error.[10] Likewise, Brown was not permitted to use her request for a continuance as a delaying tactic.[11]

In the middle of trial, Brown fired the two attorneys she chose to represent her based solely on their recommendation that she accept the State's plea offer. She acknowledged that her attorneys were "wonderful" and that they were, "without a doubt[,] . . . fighting for [her] rights." The court warned Brown that it would *not* grant a continuance. Considering these circumstances, along with the timing of her request to dismiss counsel, and the specious reason she gave for doing so — pursuing a "faith-based" versus a "practical and analytical" strategy — Brown bears sole responsibility for her lack of counsel.[12] Furthermore, in light of the fact that Brown never established that she could have hired qualified substitute counsel even with a continuance, the trial court did not abuse its discretion.[13]

(b) We also disagree with Brown that the trial court erred in disqualifying her proposed substitute counsel. In addressing this assertion, "we . . . look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of lawyers appearing

---

[8] See id.; *Gamble*, supra; *Reviere*, supra.

[9] *Stephens v. State*, 208 Ga. App. 620 (1) (431 SE2d 422) (1993).

[10] See *McDowell*, supra.

[11] See *Wilson v. State*, 231 Ga. App. 621 (1) (500 SE2d 387) (1998).

[12] Cf. *Shaw v. State*, 251 Ga. 109, 111-112 (303 SE2d 448) (1983) (finding "that the fault, if any, for [the defendant's] lack of counsel at trial rest[ed] not with [the defendant], but with [the attorneys he had retained]").

[13] See *Wilson*, supra (trial court did not abuse discretion in denying motion for continuance, made on day of trial, to employ new counsel); *Stocks v. State*, 224 Ga. App. 433, 434-435 (2) (481 SE2d 230) (1997) (same); *Williams v. State*, 225 Ga. App. 319, 321 (2) (483 SE2d 874) (1997) ("trial court may consider the conduct of the party requesting the continuance . . . to prevent a party from using employment of counsel as a dilatory tactic") (punctuation omitted); see also *Tinker v. State*, 218 Ga. App. 792, 793-794 (1) (b) (463 SE2d 368) (1995) (trial court did not err in refusing continuance to hire new counsel when it allowed defendant to dismiss appointed counsel); *Stephens*, supra (trial court did not err in denying defendant's request for continuance to hire new counsel because "he felt mighty incompetent with [his appointed] attorney") (punctuation omitted).

before the court and other social interests, which include the litigant's right to freely chosen counsel"[14] and the public's confidence in the integrity of the judicial system.[15]

As a general rule, "[a]fter a lawyer leaves . . . public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appearance of impropriety even if none exists."[16] The mere fact that the attorney was formerly employed in the same public office that handled the matter, however, does not mean that he had substantial responsibility.

> Substantial responsibility envisages a much closer and more direct relationship than that of a mere perfunctory approval or disapproval of the matter in question. . . . Yet it is not necessary that the public employee or official shall have personally or in a substantial manner investigated or passed upon the particular matter, for it is sufficient that he had such a heavy responsibility for the matter in question that it is unlikely he did not become personally and substantially involved in the investigative or deliberative processes regarding that matter.[17]

A trial court's decision to disqualify counsel based on his former employment in public office is reviewed for an abuse of discretion.[18]

In this case, it is undisputed that Cheryl Johnson, an associate with the law firm of proposed substitute counsel, formerly worked with the Liberty County District Attorney's Office while Brown's case was pending. The attorneys prosecuting the case at trial informed the court that Johnson had, "in fact[,] worked on this very case" and had been involved in discussions about the case. Johnson acknowledged that she had overheard employees in the child support division talking about the case and was in the courtroom when the indictment was read and during Brown's arraignment, but denied any further knowledge of the case.

While a trial court should approach the decision to disqualify counsel with great caution,[19] the record in this case supports the

---

[14] (Punctuation omitted.) *Rivers v. Goodson*, 184 Ga. App. 70, 71 (1) (360 SE2d 740) (1987).

[15] See *Love v. State*, 202 Ga. App. 889, 891 (416 SE2d 99) (1992).

[16] *Outdoor Advertising Assn. &c. v. Garden Club of Ga.*, 272 Ga. 146, 148 (2) (527 SE2d 856) (2000) (quoting Code of Professional Responsibility of the State Bar of Georgia, Rule 3-109, EC 9-3).

[17] Id. at 149 (quoting ABA Formal Opinion 342 (1975)).

[18] See id. at 151.

[19] See *Rivers*, supra at 71.

court's decision that Brown's right to her chosen substitute counsel was precluded by Johnson's former employment with the district attorney's office. Although disputed by Johnson, both prosecuting attorneys indicated that she substantially participated in Brown's prosecution before going to work for the firm of Brown's proposed substitute counsel. Under such circumstances, Johnson's new law firm could not defend Brown, "since to accept employment would give the appearance of impropriety even if none exists."[20] Thus, notwithstanding Johnson's actual knowledge of the case, in order to preserve and avoid even the appearance of impropriety, the trial court acted within its discretion in granting the State's motion.[21]

(c) Brown also asserts that she is entitled to a new trial because, before she dismissed retained counsel, they provided her with ineffective assistance. For Brown to prevail on this claim, she "must show that counsel's performance was deficient and that this deficient performance prejudiced . . . her defense."[22] Because Brown has not made the requisite showings, we find no error.

Brown first claims that counsel were ineffective because they did not move to dismiss two counts of the indictment based upon the expiration of the statute of limitation. But in her appellate brief, Brown merely claims that limitation period had lapsed without any relevant reference to the record,[23] argument, or citation of authority. "In the absence of proper argument, citation to the record, or citation to authority, we will not consider this [assertion]."[24]

Brown next argues that counsel were ineffective because they did not move to dismiss the indictment based on an unqualified grand juror. Brown relies on affidavits of two individuals who stated that they served on the grand jury. Both individuals claim that a person named Reggie Sage participated in the grand jury proceedings, that he continuously stated that Brown had taken money, and that he supported his statements by showing them numerous documents. According to the affidavits, Sage was introduced as a "special committee member" and a "special advisor" who had also appeared before the previous grand jury. Citing OCGA § 15-12-4 (a), Brown now argues that Sage should have been disqualified from participating "in the Grand Jury proceedings in that he was disqualified due to his status as an immediate prior member of the preceding Grand Jury."

---

[20] *Outdoor Advertising*, supra at 148.

[21] See id.

[22] *Nichols v. State*, 253 Ga. App. 512, 515 (2) (559 SE2d 538) (2002).

[23] Brown cites generally to page seven of her written motion for new trial, which does not address the argument raised here.

[24] (Punctuation omitted.) *Tuten v. State*, 242 Ga. App. 223, 228 (9) (529 SE2d 221) (2000).

She maintains that counsel were ineffective in failing to move for dismissal on this ground. We disagree.

The record shows that Brown did not retain counsel until approximately five weeks after she was indicted, and there is absolutely no indication in the record that counsel had any knowledge of the alleged ineligibility of Sage to participate in the proceedings. Furthermore, because trial counsel did not testify at the new trial hearing, there is no evidence regarding their knowledge of the matter, or reasons, if any, for failing to address the issue.[25]

A strong presumption exists that counsel's conduct fell within the wide range of reasonable professional assistance. And where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption. Furthermore, we have held that in the absence of testimony to the contrary, counsel's actions are presumed strategic.[26]

Under the circumstances here, Brown has not met her burden of showing that counsel's performance was deficient, and we presume that they provided her with reasonably professional assistance.[27]

Finally, Brown asserts that trial counsel were ineffective because they allowed "a key witness for the Defense . . . to be released from his subpoena before the start of trial." Again, however, absent any testimony to the contrary, we will presume this decision was strategic.[28] Because Brown has "made no affirmative showing that the purported deficiencies in [her] trial counsel[s'] representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy," we find no error in the trial court's ruling.[29]

2. Brown next asserts that the trial court erred in admitting into evidence a copy of her deposition from her civil case and in allowing the jury to take the deposition and certain charts and graphs into the jury room during deliberations. According to Brown, allowing these documents to go out with the jury violated the "continuing witness" rule. We find no error.

---

[25] Although Brown argues on appeal that the trial court prohibited trial counsel from testifying at her new trial hearing, the cited portion of the transcript does not support this argument. To the contrary, the record shows that trial counsel were present at the hearing, but that Brown declined to call them as witnesses.

[26] (Citations and punctuation omitted.) *Nichols*, supra.

[27] See id.

[28] See *Rogers v. State*, 253 Ga. App. 675, 677-678 (3) (560 SE2d 286) (2002); *Nichols*, supra.

[29] (Punctuation omitted.) *Rogers*, supra at 678.

Brown has not shown that she raised these objections at trial. Instead, she asserts that her failure to object shows that she had a "desperate need for an attorney and demonstrates her lack of counsel resulting in an unfair trial." We have already concluded, however, that Brown's waiver of counsel was knowing, intelligent, and valid. Thus, she cannot now rely on the lack of counsel to excuse her own failure to object at trial. "[Brown] is not held to a different or more lenient standard in this regard merely because [she] elected to proceed pro se. One who knowingly elects to represent [herself] assumes full responsibility for complying with the substantive and procedural requirements of the law."[30] Having failed to object at trial, the issues are not preserved for appeal.[31]

Furthermore, contrary to Brown's arguments, testimony from civil proceedings has been held admissible in subsequent criminal proceedings,[32] and our Supreme Court has ruled that demonstrative evidence such as charts and diagrams may "be received into evidence and [may] go out with the jury during deliberations."[33]

3. Brown contends that the trial court erred in admitting hearsay evidence and in allowing a State's expert witness to invade the province of the jury. Again, however, Brown has not shown that she objected to this evidence, but claims that, because she was not an attorney, she "would not have known to object." Brown's problems were of her own making. She was required to object and failed to do so, thus waiving review of these arguments.[34]

4. Brown argues that the trial court improperly restricted her closing argument. According to Brown, the court erred in prohibiting her from drawing deductions from the evidence and discussing evidence of her intent, and in continuously rebuking her for commenting on matters not in evidence. We review the trial court's limitation upon closing argument under the abuse of discretion standard.[35]

Upon reviewing Brown's entire closing argument, we find no abuse. During closing argument, Brown continuously attempted to inform the jurors about facts she thought they should know about, but were not in evidence. While the trial court often rebuked her for her attempts, it also appears that it granted her considerable latitude in addressing the jury.

As the trial court correctly noted, litigants are not permitted to introduce facts or make statements about matters that were not

---

[30] (Punctuation omitted.) *Reviere*, supra at 333 (5).

[31] See *Mason v. State*, 274 Ga. 79, 81 (3) (548 SE2d 298) (2001) (defendant's failure to raise "continuing witness" rule at trial resulted in waiver on appeal).

[32] See *Lam v. State*, 208 Ga. App. 324-325 (2) (430 SE2d 775) (1993).

[33] *Moss v. State*, 274 Ga. 740, 741-742 (2) (559 SE2d 433) (2002).

[34] See *Reviere*, supra; *Roseberry v. State*, 274 Ga. 301, 304 (3) (553 SE2d 589) (2001).

[35] See *Massey v. State*, 272 Ga. 50, 52 (5) (525 SE2d 694) (2000).

placed in evidence.[36] Accordingly, we find that the trial court did not abuse its discretion in curtailing Brown's efforts to violate this rule.[37]

5. Finally, Brown asserts three instances in which the trial court purportedly erred in charging the jury. Again, we find no error.

(a) Brown first argues that the trial court erred in instructing the jury, before closing arguments, that her closing argument was an unsworn statement which should be given no weight. Brown, however, has mischaracterized the court's instruction. The trial court actually informed the jurors that they should disregard any statements made during closing arguments purporting to introduce new evidence. As discussed in Division 4, this was a correct statement of the law.[38] Thus, we find no error.

(b) Brown also argues that the trial court erred in charging the jury that they could consider pre-1995 information contained in her civil deposition. In Division 2, we concluded that Brown waived any objections to the introduction of the deposition into evidence. She nonetheless complains that the jury should have been informed that it could not consider any matters in the deposition that predated 1995 because she was not charged with committing any crimes before that date. Even assuming that the trial court should have given a limiting instruction, Brown has not cited any specific testimony in her deposition that, if considered by the jury, would have been harmful. "Both error and harm must be shown affirmatively by the record to authorize a reversal on appeal."[39] Under the circumstances here, we find no grounds for reversal.[40]

(c) Finally, Brown argues that the trial court erred in recharging the jury on what constitutes a misapprehension of fact and in giving them a supplemental instruction on mistake of law. The record shows that, in response to the jury's request for clarification on the court's charges on intent and misapprehension of fact, the court gave the following supplemental instructions. First, the court charged the jury that "[i]gnorance of the law excuses no one." The court then recharged the jury on the definition of "intent." The court also explained to the jury that "[a] mistake of fact would be as when a person is charged with a violation of having sex with an underage person that he or she was under the mistaken fact of the person's age."

Brown contends that the court erred in charging the jury on mistake of law because the instruction was not requested and because

---

[36] See OCGA § 17-8-75; see also *Turner v. State*, 247 Ga. App. 775, 780 (6) (544 SE2d 765) (2001).

[37] See *Massey*, supra.

[38] See OCGA § 17-8-75; *Turner*, supra.

[39] (Punctuation omitted.) *Miller v. State*, 226 Ga. App. 509, 514 (3) (486 SE2d 911) (1997).

[40] See id.

she did not present it as defense. "Generally, the scope and content of additional jury instructions are left to the sound discretion of the trial court, and the trial court may address only the jury's request on a particular point or give additional instructions."[41] In this case, the jury was obviously confused about the principles of mistake and intent, and the trial court did not abuse its discretion in giving an additional instruction to alleviate the confusion.[42]

As for the court's example of a mistake of fact, pretermitting any error, Brown has not shown, and we cannot discern, how the court's illustration could have harmed Brown in this case. The jury was not, after all, deciding whether she committed a sexual offense. We find no reversible error.[43]

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED JUNE 12, 2002 —
RECONSIDERATION DENIED JULY 19, 2002 ▬▬▬▬▬

*Lawson & Thornton, George O. Lawson, Jr.*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Lewis M. Groover, Jr., Assistant District Attorney*, for appellee.

---

[41] (Punctuation omitted.) *Christensen v. State*, 245 Ga. App. 165, 169 (8) (537 SE2d 446) (2000).

[42] See id.

[43] See *Miller*, supra.