**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2138. DURDEN v. THE STATE

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Charlie Woodrow Durden appeals his convictions for two counts of aggravated assault and aggravated battery. Durden contends multiple errors on appeal, including that the trial court erred in denying his general demurrer to the indictment, erred in limiting his cross-examination of certain witnesses, and erred in admitting similar transaction evidence. Durden also contends that the trial court erred in denying his motion for mistrial, and in failing to charge the jury on the affirmative defense of accident. Following our review, we affirm.

At the outset, counsel is reminded that Court of Appeals Rule 24 (e) requires that "[t]he pages of each brief shall be sequentially numbered with Arabic numerals." Counsel's 49-page brief is numbered with Roman numerals in violation of the rules

of this Court. We further remind counsel that "compliance with our rules is not discretionary, but mandatory." *Warren v. State*, 232 Ga. App. 488 (1) (502 SE2d 336) (1998).

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted). *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006). So viewed, the evidence demonstrates that on May 10, 2011, after consuming a large quantity of alcohol, Durden got into an altercation with the victim, who was his wife. Durden first told the victim that he was going to kill her then, after beating her, Durden drew a sword on the victim that he retrieved from a closet. The victim was unable to hide from Durden under a nearby bed, and as he swung the sword at her, she lifted her arm to protect herself and suffered a severe laceration to her arm. Durden initially refused to take the victim to the hospital because "he didn't want to go to jail," but finally agreed to take her. On the drive to the hospital, Durden was stopped for speeding. The victim initially told police that she had cut her arm on

2

broken glass, but when the officers separated the couple, she told them about the attack. Durden was arrested, and the victim was transported to the hospital. During surgery on the approximately twelve centimeters long, three centimeters deep laceration on her arm, doctors repaired muscle and nerve damage caused by the sword. The treating physician testified that the victim's residual muscle weakness and pain were probably permanent.

Following his indictment and subsequent jury trial for two counts of aggravated assault and one count of aggravated battery, Durden was found guilty on all counts. At sentencing, the aggravated assault and aggravated battery counts merged. Durden filed a motion for new trial, which, following a hearing, the trial court denied. He now appeals from that order.

1. Durden first contends that the trial court erred denying his general demurrer to the indictment. He maintains that the two aggravated assault counts do not sufficiently allege any crime and thus he could admit to the acts and not be guilty of a crime. We do not agree.

"A general demurrer challenges the sufficiency of the substance of an indictment. The true test of the sufficiency of an indictment to withstand a general demurrer is found in the answer to the question: Can the defendant admit the charge

3

as made and still be innocent? If he can, the indictment is fatally defective."(Citations and punctuation omitted.) *Brown v. State*, 322 Ga. App. 446, 453 (3) (745 SE2d 699) (2013). "Furthermore, each count set forth in an indictment must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count. Unless every essential element of a crime is stated in an indictment, it is impossible to ensure that the grand jury found probable cause to indict." (Citations and punctuation omitted). *Smith v. Hardrick*, 266 Ga. 54, 55 (1) (464 SE2d 198) (1995).

Under OCGA § 16-5-21 (a) (2), "[a] person commits the offense of aggravated assault when he or she assaults … with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]" Simple assault pursuant to OCGA § 16-5-20 (a) is committed when a person "either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury."

Here, Count One of the indictment charged that Durden "did unlawfully make an assault upon the . . . [victim], with a sword, a deadly weapon in the manner used, by intentionally cutting the . . . [victim] with said sword, in an attempt to commit a violent injury upon said person." Count Two charged that Durden "did unlawfully

4

make an assault upon the . . . [victim], with a sword, a deadly weapon in the manner used, by placing the . . . [victim], in reasonable apprehension of immediately receiving a violent injury, by cutting the . . . [victim] with said sword."

Durden maintains that the two counts combine the language of the offenses of simple assault and aggravated assault, and thus the indictment is insufficient as it fails to put him on notice for the offenses for which he is charged. At the hearing on the general demurrer, Durden argued that both counts alleged a battery rather than an aggravated assault. The trial court denied the general demurrer, and held that Durden was on sufficient notice of the offenses charged, the counts were properly labeled, and that the counts, as charged, did not allege a battery.

"[A]ggravated assault has two essential elements: (1) that an assault (as defined in [OCGA § 16-5-20]) was committed on the victim; and (2) that it was aggravated by (a) an intention to murder, to rape, or to rob, or (b) use of a deadly weapon." *Merrell v. State*, 162 Ga. App. 886, 887 (2) (293 SE2d 474) (1982). Here both aggravated assault counts included the assault element under OCGA § 16-5-20 and the aggravation element under OCGA § 16-5-21. In any event, the judge merged these two counts into the aggravated battery count and sentenced Durden only on the count of aggravated battery. By doing so, the trial judge rendered the convictions for

5

aggravated assault void. See *Merritt v. State*, 288 Ga. App. 89, 91 (1) (653 SE2d 368) (2007) ("A conviction which is merged into another as a matter of fact or law is void.") Thus, this enumeration fails.

2. Durden next contends that the trial court erred in limiting his cross-examination of certain State's witnesses. He contends that the trial court violated his right to confront witnesses when it prohibited him from questioning a police deputy and the victim about her son's mental disability. The victim apparently made a statement to an officer responding to a previous domestic violence call at the couples' home that her son, who had made the call, was mentally challenged. During cross-examination of the officer, Durden asked the officer about the statement, and the State objected. The trial court sustained the objection. Later, before the victim testified, Durden elicited a ruling from the trial court about whether he could question the victim on cross-examination about the same statement regarding her son's mental disability. After a lengthy discussion outside the presence of the jury at which Durden maintained that the son's mental disability was relevant to explain why the call was made, the trial court ruled that the statement regarding the mental condition of the victim's son was irrelevant and inadmissible. The trial court explained that the statement was merely cumulative of the evidence already admitted about the incident

6

and said "the officer came to the scene, investigated it, and decided there was no need to make any arrests . . . [The victim] basically disavowed any knowledge [,]. . . did not request any charges be brought, and walked off from it."

> Although the Sixth Amendment right to confrontation secures the right of cross-examination, the right of cross-examination is not an absolute right that mandates unlimited questioning by the defense. To the contrary, trial courts retain wide latitude to impose reasonable limits on cross-examination based on concerns about, among other thing interrogation that is only marginally relevant. The permissible scope of cross-examination is committed to the sound discretion of the trial court, and we review a limitation of the scope of cross-examination only for abuse of discretion.

(Citations and punctuation omitted.) *Nicely v. State*, 291 Ga. 788, 796 (4) (733 SE2d 715) (2012).

Here, Durden apparently wanted to show that the call was unfounded. The officer testified that the son made the call, that he had not found any reason to lock anyone up and that, on that occasion, the victim had not complained that Durden had done anything to her. The trial court's ruling that the son's mental disability was irrelevant was not an abuse of its discretion in this circumstance.

3. Durden contends that the trial court erred in instructing defense counsel that she could not argue during closing that Durden had committed the act, but that it was an accident. We discern no error.

The record reflects that the trial court denied Durden's request to charge the jury on the affirmative defense of accident. It further instructed Durden that he could not argue in closing that he did not intend to cut the victim because he had not put forth an affirmative defense of accident. Durden did not testify at trial, and the trial court found that there was no other evidence supporting the affirmative defense. It instructed Durden that it was permissible to argue that the State had failed to prove intent, specifically "whether or not the State has met its burden of proving that [Durden] intentionally committed the act."

OCGA § 17-8-75 provides that trial courts have the duty to interpose and prevent attorneys from introducing facts or make statements about matters that were not placed in evidence. See *Brown v. State*, 256 Ga. App. 603, 610-611 (4) (568 SE2d 727) (2002). Accordingly, because there was no evidence to support an accident defense, we find that the trial court did not abuse its discretion in limiting Durden's closing argument on this ground.

4. Durden contends the trial court erred in admitting similar transaction evidence of a November 2010 incident in which he reportedly stabbed the victim's son-in-law with a pitchfork. The State's proffer at the pre-trial motion on the incident was that while Durden was assaulting the victim, the son-in-law had intervened, and the men got into a "tussle." Durden then stabbed the son-in-law with a pitchfork as he walked away. There were no charges filed in the incident. The State maintained that they were offering the evidence for a proper purpose to show Durden's state of mind. The trial court accepted the proffer and ruled that it would allow the evidence to be admitted. Defense counsel responded, "yes sir."

Again, acquiescence to the trial court's ruling waives the error on appeal. *Compton v. State*, 281 Ga. at 45 (2); see *Ward v. State*, 288 Ga. 641, 646 (706 SE2d 430) (2011) (explaining that acquiescence "means a tacit consent to acts or conditions, and implies a knowledge of those things which are acquiesced in") (punctuation and citations omitted). In any event, the trial court's ruling was not error.

> Evidence of a similar transaction may be admitted if the State shows that: (1) it seeks to introduce the evidence not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of admissibility; (2) there is sufficient evidence to establish that the accused committed the independent offense or act; and (3) there

9

is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Punctuation and citation omitted.) *Matthews v. State*, 294 Ga. 50, 52 (3) (a) (751 SE2d 78) (2013). See *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).[1]

The trial court accepted the proffer and found that the State was seeking to introduce the evidence to show bent of mind, that there was sufficient evidence to show that Durden committed the act since the son-in-law would testify at trial, and that the attack on the son-in-law was sufficiently similar to the crimes charged because "this attack on this third person . . . was a result of a prior altercation between the victim in this case and [Durden]. It just happened to spill over onto this person."

When reviewing the trial court's factual findings regarding whether the state satisfied the *Williams* three-prong test we apply the clearly erroneous standard of review. The decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of discretion.

---

[1] This case was tried under the old Evidence Code. Under the new Evidence Code, the provisions governing the admission of similar transaction evidence have changed. See OCGA § 24-4-404 (b). However, these changes are applicable to cases tried after January 1, 2013. See Ga. L. 2011, p. 99, § 101.

(Citations and punctuation omitted.) *Matthews v. State*, 294 Ga. at 52 (3) (a). The trial court did not abuse its discretion in concluding that the similar transaction evidence satisfied the *Williams* test in this case.

5. We further find that the trial court did not err in denying Durden's motion for mistrial. During her testimony about the events surrounding the night of the attack, the victim testified that Durden was "driving at 100 miles an hour and we got pulled over by the police and they gave him a DUI." Durden moved for a mistrial, and the trial court denied the motion and gave the jury a curative instruction in which it advised them to disregard any testimony regarding any other crimes and to limit their consideration to the offenses of aggravated assault and aggravated battery.

"A trial court's discretion in granting or refusing to grant a mistrial should not be disturbed unless a mistrial is essential to the preservation of the right to a fair trial." *Gardner v. State*, 273 Ga. 809, 812-813 (5) (546 SE2d 490) (2001).

> In determining whether a trial court abused its discretion, an appellate court may consider the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety. We have held that curative instructions are a proper remedy when a witness improperly places a defendant's character into evidence. Here, the trial court gave the jury curative instructions immediately after defense counsel objected to mention of [the DUI] . . . . Thus, under these

11

circumstances, we conclude a new trial was not essential to preserving [Durden's] right to a fair trial and the trial court did not abuse its discretion in refusing to grant a mistrial.

(Citations and punctuation omitted.) Id. at 813.

6. Durden contends that the trial court committed reversible error by failing to instruct the jury regarding the defense of accident. OCGA § 16-2-2 provides that "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." "To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citation and punctuation omitted.) *Jones v. State*, 287 Ga. 770, 771-772 (2) (700 SE2d 350) (2010).

To establish an evidentiary foundation for an instruction on the affirmative defense of accident, the defendant "admits the doing of the act charged but seeks to justify, excuse, or mitigate it." (Citation and punctuation omitted.) *Kelley v. State*, 235 Ga. App. 177, 179 (1) (509 SE2d 110) (1998). Accordingly, if a defendant does not admit to committing any act which constitutes the offense charged, he is not entitled

12

to a charge on the defense of accident. See *Maxey v. State*, 272 Ga. App. 800, 802 (1) (613 SE2d 236) (2005) ("In order to assert a statutory affirmative defense, … the defendant must admit all of the elements of the crime except intent.")

Durden provides no citations to the record establishing that he admitted to cutting the victim's arm. Although the victim initially told police that she had accidently cut her arm on broken glass, this in no way provided evidentiary support for Durden's contention that the trial court should have charged the jury on the defense of accident. See *Mangrum v. State*, 285 Ga. 676, 680 (6) (681 SE2d 130) (2009) (explaining that, if a defendant does not admit to committing any act which constitutes the offense charged, he is not entitled to a charge on the defense of accident). Thus, as Durden did not establish an evidentiary foundation to authorize a charge on the defense of accident, the trial court did not err in denying his request.

*Judgment affirmed. Miller and Ray, JJ., concur.*